GOODNO vs. THE CITY OF OSHKOSH.

INJURY FROM DEFECTIVE SIDEWALK. (1) *When the city is liable.* (2-5) *Measure of damages — Reversal of judgment for excessive damages.*

1. In an action against a city for an injury to plaintiff's person, caused by a defective sidewalk, some evidence having been given tending to show a state of facts which would charge the city with presumptive notice of the defect, the judgment will not be reversed on the ground that such notice was not shown.

2. The evidence, taken most strongly in plaintiff's favor, shows that she was totally disabled by the injury for nine months, and suffered great pain during that time; that at the time of the trial she was still suffering from rheumatism in the ankle joint by reason of such injury, and said joint was then very weak and turned easily; that the services of the surgeons who treated the case were worth sixty dollars; and that it was their opinion that she would probably recover in two or three months so that the limb would be as useful as it ever was; but that it was out of line, and its symmetry would probably never be restored. It appeared further that she was a widow, with two young children, and dependent upon her labor for her and their support, and accustomed before the accident to earn such support by working a sewing machine. *Held,*

(1.) That (if defendant was liable) plaintiff was entitled to recover a reasonable compensation for the time lost and bodily and mental suffering endured, to the time of trial, and for such time as she would probably lose, and such suffering as she would probably endure thereafter, by reason of the injury, taking into consideration the im-

Goodno vs. The City of Oshkosh.

paired usefulness of the limb past and present (and its loss of symmetry, so far as that impaired its usefulness) ; and also necessary expenses for surgical attendance.

(2.) That this is not a case for *exemplary* damages.

(3.) That a verdict of $5,000 must be set aside as indicating partiality and improper bias on the part of the jury.

3. LYON, J., is of.opinion that a verdict should always be set aside when the jury appear to have allowed exemplary damages in a case where such damages cannot properly be recovered.

4. Instead of allowing plaintiff to remit a part of the damages, and affirming the judgment for the remainder, this court reverses the judgment, but indicates the maximum of a verdict which it would not treat as excessive.

5. LYON, J., is of opinion that the maximum should be fixed in this case at two thousand dollars; but a majority of the court state it at three thousand dollars.

APPEAL from the Circuit Court for *Fond du Lac* County.

Action for injuries to the person of the plaintiff, *Sophronia E. Goodno*, caused by defects in a sidewalk within the corporate limits of the defendant city. The report of a former appeal in the same action will be found in '24 Wis., 549. The facts shown at the second trial are sufficiently stated in the opinion, *infra.* The defendant appealed from a judgment in the plaintiff's favor for $5,000.

*Jeff. Murdock* (with *Gabe Bouck*, of counsel), contended, that the nature of the defect in the sidewalk shown by the evidence was such that the jury was not authorized to presume knowledge on the part of the city; that the defects must be so open or notorious as to be evident to all that pass the place (Sh. & Redf. on Neg., § 408; *McGinity v. Mayor, etc.*, 4 Duer, 674; *Garrison v. Mayor, etc.*, 5 Bosw., 497 ; and especially *Hart v. The City of Brooklyn*, 36 Barb., 229)); that presumptions cannot be substituted for a fact proven (*Welch v. Sackett*, 12 Wis., 257–58) ; and that the damages were clearly excessive.

*Jackson & Halsey*, for respondent, argued that knowledge on the part of the city officers charged with the duty of caring for the sidewalks, of facts in regard to a particular walk (such as

the mode of its construction and the manner in which it is used) which render it natural and highly probable that it may at any moment become dangerous, is sufficient, without showing that they had actual knowledge of the particular break in the walk which caused the injury (19 Barb., 204; 13 N. Y., 526; *Savage v. Bangor*, 40 Me., 176; *Winn v. Lowell*, 1 Allen, 177; *Weisenberg v. Appleton*, 26 Wis., 56); that upon the evidence in this case the jury must have found, not only that the defect in the walk was such, and had continued so for a long time, that the city was chargable with notice, but that the proper officers had actual notice; that in any event there was some evidence on the point to go to the jury, and therefore the judgment will not be reversed (3 Gra. & Wat. on N. T., 1296, 1297; *Hooe v. Lockwood*, 3 Chand., 41; *Barnes v. Merrick*, 6 Wis., 57; *Lewellen v. Williams*, 14 id., 693; 18 id., 594; 23 id., 154, 374, 383); and that, in respect to the measure of damages, the jury had to consider the bodily pain and suffering, as also the probable future condition of the limb — its permanent stiffness and deformity (2 Greenl. Ev., § 267; 22 Conn., 290; 15 id., 225; 1 Cush., 451; 24 Wend., 429; 10 Barb., 621; 20 id., 282; 18 N. Y., 534; 15 id., 415); and that the whole question of damages was peculiarly within the province of the jury, and the circuit judge, who heard all the testimony, having denied the motion, the appellate court would not interfere.    4 Wis., 67; *Schmidt v. R. R.*, 23 id., 186; *Jacobs v. Bangor*, 16 Me., 187; *Thompson v. Murray*, 3 id., 305; 5 Cow., 106; 9 Johns., 51; 10 id., 446; 2 id., 63; 1 Gra. & Wat. on N. T., 451, 452, 410.

LYON, J.   The plaintiff brought this action to recover damages for injuries to her person occasioned by a defect in a certain sidewalk which it was the duty of the city, the defendant, to keep in repair.  The action was once tried in the circuit court for the county of Winnebago, and the plaintiff had a verdict for *one thousand dollars* damages.   The court set aside that verdict, and ordered a new trial; and, upon appeal, that order was affirmed

by this court, on the ground that in such a case (the facts of which are stated in the opinion of the chief justice) the plaintiff could not recover without proving that the city authorities had actual notice of the defect which caused the injury complained of by the plaintiff, or that it was of such a nature and had existed for so long a time, that knowledge on their part must be presumed, and there was not evidence tending to show such actual or presumptive notice. 24 Wis., 549.

The action was again tried in the circuit court for Fond du Lac county, to which it had been removed, and resulted in a verdict and judgment for the plaintiff for *five thousand dollars* damages ; from which judgment the defendant has appealed.

After a careful examination of the testimony, we think that it tends to show a state of facts which charges the defendant with presumptive notice that the sidewalk, at the place where the plaintiff was injured, was out of repair ; and thus the objection which was fatal to the first verdict is not well taken to the last verdict. It is unnecessary to recapitulate the testimony bearing upon this subject. We do not say that such a state of facts was proved, but only that there was testimony tending to prove it. This being so, verdict cannot be disturbed for want of notice, actual or presumptive, to the defendant, that the sidewalk was out of repair.

But we think the damages awarded by the jury are excessive, and that there must be a new trial for that reason.

The plaintiff is a widow lady, residing at Oshkosh. Her means are quite limited, and she seems to have two young children dependent upon her for support. She is a healthy woman, and before she was injured, which was May 7th, 1868, supported herself and her children mainly by working a sewing machine. At the time of the trial she had no resources for such support but her own labor. Taking the testimony most strongly in her favor, it appears that she was totally disabled by the injury for a period of nine months, during which time she suffered a great amount of pain ; that she still suffers from

rheumatism in the injured ankle joint, or rather that she did so suffer at the time of the last trial, which was in April, 1870; that the joint was then very weak, and turned easily; that the services of the surgeons who treated the injured limb were worth sixty dollars; that her surgeon then thought that she would probably recover in two or three months so that the limb would be as useful as it ever was; but that it is out of line, and its symmetry will probably never be restored.

Assuming that the city, the defendant, is liable to respond to her in damages for such injuries, the plaintiff was entitled to recover a reasonable compensation for the time which she had lost, and for the pain and suffering, both bodily and mental, which she had endured to the time of the trial, and also for the time which it was reasonably probable that she would lose, and for the pain and mental anxiety which it was reasonably probable that she would endure after the trial, by reason of such injuries, taking into consideration the impaired usefulness of the limb both past and future, and its loss of symmetry, if that circumstance affects its usefulness. She was also entitled to recover her necessary expenses for surgical attendance. But she was not entitled to recover any sum beyond the actual damages thus sustained by her. It is not a case where exemplary or punitory damages can properly be given. The damages to which she is entitled (if any) are class-ified as follows, by HOGEBOOM, J., in *Murray v. Hudson River R. Co.*, 47 Barb., 196: "1st. Those arising from pain, suffer-ing, distress, anxiety of mind, and the immediate medical and other expenses growing out of the sickness and confinement of the party injured. 2d. The permanent pecuniary loss or injury growing out of total or partial personal disability to attend or engage in business." (p. 204.)

It seems quite apparent from the foregoing statement of the evidence, that the damages are much greater than the plaintiff ought to recover, in view of the fact that the evidence on the trial was that the injured limb would probably be restored to

its original soundness and usefulness in two 'or three months. I have seen no case where the recovery was confined to actual damages, in which so large a verdict for injuries no more seri-. ous than those suffered by the plaintiff has been upheld. The cases in which large verdicts have been upheld are usually those wherein the jury were authorized to assess exemplary damages. *Birchard v. Booth*, 6 Wis., 67, is such a case. The rule in that class of cases is, that unless the damages awarded are so dispro-portioned to the injury sustained as to bear marks of passion, prejudice, partiality or corruption on the part of the jury, the verdict will not be disturbed. I am aware that the same. rule has been recognized by this court as applicable to cases like this, where the plaintiff is not entitled to exemplary damages. *Potter v. Ch. & N. W. R. Co.*, 22 Wis., 615; *Schmidt v. The Mil. & St. Paul R. Co.*, 23 Wis., 186. In the latter case the court say: "We cannot interfere, unless the excess is so great that we can say the jury acted under some improper influence or bias in the matter," (p. 195.) That action was by an infant eight-een months old,' and the injury complained of was the loss of his right arm. This court held that a verdict for $8,000 was not so excessive as to authorize its interference. In the present case, had the evidence shown that the disability was serious at the time of the trial, and probably would be permanent, we do not say that we should have thought it our duty to disturb the verdict.

In relation to the rule laid down and recognized by this court in the cases above cited, I think that in cases like the present, where the plaintiff can only recover actual damages, if the dam-ages awarded are so greatly disproportioned to the injury as to furnish reasonable ground for belief that the jury have in fact awarded exemplary damages, the verdict should be set aside as against law; and that in such a case it is quite immaterial whether the court think the verdict bears marks of corruption, prejudice or partiality on the part of the jury, or otherwise. But however that may be, it is not difficult to discover that the

verdict in this case indicates at least partiality and improper bias on the part of the jury, and thus comes within the operation of the rule before stated.

The practice of allowing new trials in cases like the present was sanctioned by this court in *Potter v. Mil. & St. Paul R. Co.,* *supra*; and in that case, as also in the case of *Murray v. H. R. R. Co., supra,* will be found a review of many of the authorities on the subject.

In New York it is the practice to permit the plaintiff to reduce his damages to a specified sum, and if he does so a new trial is refused. This court, however, adopted a different practice in *Potter v. Mil. & St. Paul R. Co.,* for reasons we conceive to be valid and sufficient. The practice thus adopted is, to reverse the judgment and at the same time to indicate a sum beyond which we think a verdict ought not to be upheld.

My opinion is, that on the testimony given upon the trial of this action, a verdict for more than two thousand dollars ought to be set aside as excessive; but my brethren are not prepared to say that upon the same evidence they would consider it their duty to disturb a verdict for three thousand dollars.

It is unnecessary to consider the other questions raised in the argument.

The judgment of the circuit court must be reversed, and the cause remanded for a new trial.

*By the Court.* — It is so ordered.