Sheel and wife vs. The City of Appleton.

## Sheel and wife vs. The City of Appleton.

### March 16 — March 30, 1880.

CITIES: HIGHWAYS: PLEADING: COURT AND JURY: DAMAGES. *(1) How objection that claim was not presented to common council, must be taken. (2) Question of constructive notice of defect in highway, for the jury. (3) Damages for injuries to the person.*

1. A city charter provides that "no action shall be maintained by any person against the city upon any claims or demands of any kind whatsoever, whether arising from contract or otherwise, until such person shall first have presented such claim or demand to the common council for allowance," and that "the determination of the common council, disallowing in whole in or in part any claim of any person, shall be final and conclusive, and a perpetual bar to any action in any court founded on such claim, except that such person may appeal to the circuit court, as provided in" another part of said charter. *Held,* that this does not deprive the circuit court of *jurisdiction* of such actions *originally* brought therein; and that the objection that such a claim has never been presented to the common council must be taken by demurrer or answer, or it is *waived.*

2. It is for the jury to determine, under all the circumstances of the case, *how long* a defect in a sidewalk must have existed in order to charge the city with constructive notice; and there was no error in refusing to instruct them that if the defect here shown had existed but one day prior to the accident, the city was not liable unless it had actual notice.

3. Bodily and mental suffering caused by an injury from a defective highway may be considered in awarding damages. *Goodno v. Oshkosh,* 28 Wis., 300, and other cases in this court.

APPEAL from the Circuit Court for *Outagamie* County. This action was brought in the circuit court by husband and wife to recover damages for injuries to the wife, received by her when walking over the sidewalk of one of the public streets in the defendant city, and alleged to have been caused by a defect in such sidewalk. No questions are raised on the pleadings, and there is no exception to any ruling of the court on the admission of testimony. The evidence tends to prove the allegations of the complaint. Errors are assigned upon

the charge of the court to the jury. The charge and excep-. tions thereto are sufficiently stated in the opinion. Error is also assigned upon the refusal of the court to give the following instruction, proposed on behalf of the city: "If the jury find, from the evidence, that the hole in question had only existed one day prior to the fall of the plaintiff *Catharine Sheel,* and the defendant city had no actual knowledge of its existence, the verdict must be for the defendant." The plaintiffs recovered, and the defendant appealed from the judgment entered against it pursuant to the verdict.

*H. C. Sloan,* with *A. L. Collins,* of counsel, for the appellant.

*Wm. Kennedy,* for the respondents.

LYON, J. 1. It was claimed in argument, by counsel for the defendant city, that the circuit court had no jurisdiction of the action. The claim is founded upon certain provisions contained in the charter of that city. Laws of 1876, ch. 47.

Section 25 of subch. 5 (omitting a proviso not material here) is as follows: "No action shall be maintained by any person against the city upon any claims or demands of any kind whatsoever, whether arising from contract or otherwise, until such person shall first have presented such claim or demand to the common council for allowance." The next section provides that "the determination of the common council, disallowing in whole or in part any claim of any person, shall be final and conclusive, and a perpetual bar to any action in any court founded on such claim, except that such person may appeal to the circuit court, as provided in section 27 of this chapter." The following sections prescribe the procedure on such appeals.

Section 25 of the charter of Appleton is more comprehensive in its terms than the corresponding section in the charter of Madison, which was considered in *Kelley v. Madison,* 43 Wis., 638. It is probable that actions sounding in tort were

intended to be included in the prohibition of section 25 of the defendant's charter. For the purposes of this appeal it will be assumed that such actions are so included.

If the prohibition in section 25, "No action shall be maintained by any person against the city," etc., takes from the circuit court jurisdiction of the subject matter of the action, the objection is well taken, although first made in this court. But if the prohibition merely deprives the plaintiffs of legal capacity to bring the action in the circuit court in the first instance, the objection is waived, the same not having been taken by demurrer or answer. R. S., 725, secs. 2649–54.

It seems to us that had the legislature intended absolutely to take away the jurisdiction of the circuit court to hear, try and determine an action originally brought in it against the city of Appleton, language would have been used similar to that employed to restrict the jurisdiction of justices of the peace: "No justice shall have cognizance of any action" against an executor or administrator, or for libel, slander, etc. · R. S., 897, sec. 3573. But no such language is employed in the city charter. On the contrary, the jurisdiction of the circuit court to hear, try and determine this controversy is expressly recognized. The only restriction the charter contains relates to the procedure. It requires that the claim must, so to speak, be filtered through the common council; that the case must go to the circuit court through that channel. The charter does not say to the court that it shall not take jurisdiction of the controversy or claim, but to the claimant that he shall not bring an ordinary action against the city to recover his claim. In other words, the prohibition of section 25 does not go to the jurisdiction of the court; it only deprives the claimant of legal capacity to bring an action. This being so, the objection of the plaintiffs' want of legal capacity to maintain this action comes too late.

The view we have taken of section 25 of the city charter is,

doubtless, equally applicable to those statutes which restrict the right to bring certain actions against counties and towns, in which statutes the same or similar language is employed. R. S., 241, sec. 676; id., 280, sec. 824.

. 2. The proposed instruction that if the defect in the sidewalk, which was the cause of the injuries suffered by *Mrs. Sheel*, had only existed one day prior to the accident, and the city had no actual knowledge of its existence, the verdict should be for the defendant, was properly refused. It was for the jury to say, under all the circumstances of the case, what length of time the defect must have existed to charge the city with constructive notice of its existence, and render it liable to respond in damages for injuries caused by the defect. Whether one day was or was not sufficient for that purpose was a question for the jury, not the court, to determine; and the question was submitted to the jury under proper instructions.

3. The only remaining errors assigned relate to the charge given to the jury.

The following paragraphs from the charge contain the general principles which underlie the whole charge: "It was the duty of the defendant city to keep and maintain its streets and sidewalks in good order and repair, for the safe use and convenience of the traveling public, walking and passing thereon; and if the city authorities, knowing that a sidewalk is defective and unsafe, or after having had sufficient time, in the exercise of reasonable diligence or ordinary care, to discover and repair the defect or break in the walk, suffer it to remain in an unsafe condition, and if any person, while lawfully and in the exercise of ordinary care passing over the sidewalk in such unsafe condition, becomes injured by reason of any defect in the walk, the city becomes liable for the damages sustained at the time of the accident. . .. There can be no liability of the city at all, unless there was neglect of duty on the part of its officers; and there can be no neglect of duty

unless they knew the sidewalk was broken, or with reasonable diligence could have known it, long enough to have enabled them to have repaired it before the accident occurred." The questions, whether the sidewalk was defective; whether, if so, the proper city officers knew it, or ought to have known it in the exercise of reasonable diligence; and whether *Mrs. Sheel*, when injured, was exercising proper care to avoid injury — were all submitted to the jury under correct instructions. The rule of damages was stated as follows: "The jury are further instructed, that if they believe from the evidence that *Mrs. Sheel* is now undergoing great pain and bodily and mental suffering, and that she will continue so to do for a long time to come, by reason of such injury sustained by her, then it is their duty to consider such pain and suffering in fixing the amount of damages for which the city is liable." This rule was sanctioned by this court in *Goodno v. Oshkosh*, 28 Wis., 300, and other cases.

Many criticisms on the language of the charge, and omissions to repeat, in some portions of it, propositions of law elsewhere stated therein, are contained in the brief of the learned counsel for the defendant, and were ingeniously presented in the argument at the bar. We must be excused from discussing these at length. It is sufficient to say that we think the learned circuit judge stated the law of the case to the jury clearly and accurately, and that no reasonably intelligent jury could possibly have been misled by his charge.

*By the Court.*—The judgment of the circuit court is affirmed.