Koch, Respondent, vs. The City of Ashland, Appellant.

*October 25 — November 15, 1892.*

*Municipal corporations: Injury from defective sidewalk: Presentation of claim: Charter construed: Demurrer.*

1. The charter of the city of Ashland provides that "no suit of any kind or any claim of any character shall be brought against said city, but the claimant shall file his claim with the city clerk for the action of the council thereon and . . . may appeal to the circuit court;" and that "the comptroller shall examine all claims

| 83 | 361 |
| 85 | 382 |
| 83 | 361 |
| 88 | 573 |
| 83 | 361 |
| 98 | 544 |
| 98 | 547 |
| 83 | 361 |
| 96 | 628 |
| 83 | 361 |
| 100 | 239 |
| 83 | 361 |
| 105 | 140 |
| 105 | 141 |
| 83 | 361 |
| 113 | ¹295 |
| 83 | 361 |
| 115 | ¹541 |
| 115 | ¹546 |
| 187 US | 443 |

Koch vs. The City of Ashland.

presented against the city, whether founded on contract or otherwise, . . . and report the same to the council." *Held*, that these provisions apply to a claim for injuries caused by a defective sidewalk, and that an independent action therefor cannot be maintained.

2. The objection to such an action is properly taken by general demurrer to the complaint for insufficiency of facts, since the complaint should show the presentation of the claim and the appeal from its disallowance.

APPEAL from the Circuit Court for *Ashland* County.

The respondent commenced this action by service of summons and complaint to recover for personal injuries resulting from a fall upon an alleged defective sidewalk in the city of *Ashland*, January 12, 1892. The complaint alleged the giving of notice to the city under the provisions of sec. 1339, R. S. 1878, but did not allege the presentation or filing of any claim with the city clerk, or appeal from the disallowance of such claim.

The city demurred to the complaint on two grounds: (1) that the court had no jurisdiction of the person of defendant or the subject of the action; and (2) that the complaint does not state facts sufficient to constitute a cause of action. Upon motion the demurrer was stricken out as frivolous, and the defendant allowed time to answer. From this order defendant appeals.

*George H. McCloud*, for the appellant, argued, among other things, that the failure to comply with the requirements of the charter can be taken advantage of by demurrer. *Owens v. Milwaukee*, 47 Wis. 461; *Benton v. Milwaukee*, 50 id. 368; *Chicago & N. W. R. Co. v. Langlade*, 55 id. 116. The word "claim," as used in the charter, includes claims arising on tort. R. S. secs. 676, 824; Laws of 1876, ch. 47, subch. 5, sec. 25; *Sheel v. Appleton*, 49 Wis. 125; *Watson v. Appleton*, 62 id. 267; *Minick v. Troy*, 83 N. Y. 514; *Benware v. Pine Valley*, 53 Wis. 527; *Wentworth v. Summit*, 60 id. 281; *In re Dasent*, 2 N. Y. Supp. 609; *Reining v. Buffalo*, 102 N. Y. 308.

*John F. Dufur*, for the respondent, contended, *inter alia*, that the circuit court has original jurisdiction of the subject matter, and that the city having appeared generally by demurrer has given jurisdiction of the person. Even if the language of the charter is broad enough to include torts, the objection of a want of legal capacity to sue, not having been properly taken, was waived. *Benton v. Milwaukee*, 50 Wis. 368; *Sheel v. Appleton*, 49 id. 125; *Bradley v. Eau Claire*, 56 id. 168.

WINSLOW, J. The questions presented are (1) whether an independent action can be maintained against the city of *Ashland* for damages resulting from an injury received on a defective highway, or whether the claim must be filed with the city clerk and come to the circuit court by appeal from the action of the council; (2) whether the objection is properly raised in this case.

1. The charter of the city of *Ashland* provides (Laws of 1889, ch. 27, subch. 8, sec. 13): "No suit of any kind or any claim of any character shall be brought against said city, but the claimant shall file his claim with the city clerk for the action of the council thereon, and, if he feels aggrieved by their determination, he may appeal to the circuit court in the manner hereinbefore provided." Also in sec. 6, subch. 5, of the same act: "The comptroller shall examine all claims presented against the city, whether founded on contract or otherwise, and determine as to each claim, . . . and report the same to the council."

These provisions are so broad and comprehensive in their character that we are compelled to hold that they include tort claims such as the one under consideration. They are substantially the same as the provisions of the charter of Appleton, which have been held to include torts. *Sheel v. Appleton*, 49 Wis. 125; *Watson v. Appleton*, 62 Wis. 267.

2. Has the objection been properly taken? We think it

has been properly taken by the general demurrer for insufficiency of facts. The complaint in such a case as this must allege the presentation of the claim, and the appeal from the decision of the council.

It was said by this court in *Watson v. Appleton*, 62 Wis. 267, on page 271: "When the nonaction of the common council had worked a disallowance of the plaintiff's claim, she should have taken her appeal to the circuit court within the time prescribed by the charter; and then the complaint filed therein should have alleged the facts made requisite by the charter to give that court jurisdiction, or, rather, to show that the plaintiff had the right, or had not waived the right, to maintain her action in that forum. This would have been in' conformity with the rules of pleading in ordinary actions for injury by reason of defective highways, requiring the complaint to show that the conditions named in secs. 824, 1339, R. S., had been complied with." It follows from these views that the demurrer to the complaint was well founded.

*By the Court.*— Order reversed, and action remanded for further proceedings according to law.