## Van Frachen, Respondent, vs. The City of Fort Howard, Appellant.

*October 26 — November 13, 1894.*

*Municipal corporations: Injury from defective sidewalk: Presentation of "claim or demand:" Notice of injury: Description of defect.*

1. A provision in a city charter that no action shall be maintained against the city "upon any *claim or demand of whatsoever nature,* other than a city bond or order," unless such claim or demand shall first be presented to the common council, is *held* to apply to tort actions. *Vogel v. Antigo,* 81 Wis. 642, distinguished.

2. A notice of injury from a defective sidewalk, given pursuant to sec. 1339, R. S., described the defect as an "unsound, defective, and dangerous condition" of the walk. It was proved that both the plank and stringers of the walk were rotten. *Held,* that the notice described "*generally* the insufficiency or want of repair," and was sufficient.

APPEAL from the Circuit Court for *Brown* County.

This is an action to recover for personal injuries to the plaintiff caused by a defective sidewalk in the defendant city. In the notice to the city of the accident, the place of the accident was described as being on the east side of Chestnut street, "between Dousman and Hubbard streets, and opposite the property owned by Platten Bros., and about twenty-one feet from the north corner of the barn occupied by said Platten Bros."; and the defect claimed was described as "an unsound, defective, and dangerous condition." There was some controversy in the testimony whether the notice described truly the place of the accident. The evidence showed that the planks and stringers of the sidewalk were rotten.

The plaintiff filed a notice and claim of damages with the clerk of the defendant city. The claim was disallowed by the common council. The plaintiff appealed from the order disallowing the claim to the circuit court for Brown

county. There was a verdict for the plaintiff. From a judgment on that verdict the defendant appeals.

*L. A. Calkins,* for the appellant, to the point that an injury to the person occasioned by a defective sidewalk is not a "claim or demand" against a city, cited *Vogel v. Antigo,* 81 Wis. 642; *Kelley v. Madison,* 43 id. 638; *Stringham v. Winnebago Co.* 24 id. 594; *Jung v. Stevens Point,* 74 id. 547; *Bradley v. Eau Claire,* 56 id. 168; *Nance v. Falls City,* 16 Neb. 85.

For the respondent there was a brief by *Wigman & Martin,* and oral argument by *P. H. Martin.* To the point that the description of the condition of the sidewalk as unsound (rotten), defective, and dangerous is as much of a "general description" of the insufficiency or want of repair as is required by sec. 1339, R. S., they cited *Plum v. Fond du Lac,* 51 Wis. 393; *White v. Stowe,* 54 Vt. 510; *Salladay v. Dodgeville,* 85 Wis. 318.

NEWMAN, J. *In limine* is the objection that the circuit court had no jurisdiction to try the case. It is claimed that there was no authority of law to bring the case into the circuit court by an appeal from the action of the common council. Ordinarily, an action for such a cause must be brought in the ordinary way,— by the service of a summons and complaint,— in order that the court may obtain jurisdiction to try it. In an ordinary case this is necessary in order to give the court jurisdiction either of the parties or of the subject matter. But it is competent for the legislature to provide for bringing both the parties and the subject matter before the court by some different proceeding. This, it is claimed, the legislature has done. The charter of the city of *Fort Howard* provides (Laws of 1891, ch. 420, subch. 5, sec. 6): "No action shall hereafter be maintained by any person against the city of *Fort Howard,* upon any claim or demand of whatsoever nature, other than

a city bond or order, unless such person shall have first presented such claim or demand to the common council of the city. The determination of the common council, disallowing in whole or in part any such claim or demand, shall be final and conclusive and a perpetual bar to any action in any court founded on such claim or demand, unless an appeal shall be taken from the decision and determination of said common council" to the circuit court for Brown county.

The term "claim or demand," without other words of explanation or expansion, is held to include only claims and demands arising upon contract, and does not include any cause of action arising from a tort. *Kelley v. Madison*, 43 Wis. 638; *Bradley v. Eau Claire*, 56 Wis. 168; *Vogel v. Antigo*, 81 Wis. 642. This is an action arising from a tort, and is not included in this provision of the charter of the defendant, unless it shall be held that the words "of whatsoever nature" were used by the legislature with the intention to enlarge the meaning of the term "claim or demand" so as to include causes of action arising from torts. It may not be entirely clear what the legislature intended by the use of the words "of whatsoever nature." The meaning of the words in that connection may be ambiguous. But the legislature intended them to have some force and meaning. *Harrington v. Smith*, 28 Wis. 43–67. They were absent from the defendant's charter, as originally enacted. Laws of 1873, ch. 164, subch. 5, sec. 8. They were put into the charter by ch. 420, Laws of 1891. They were introduced into the charter *ex industria*. They were intended, obviously, to explain or expand the term "claim or demand." They have no restrictive force. They evidently enlarge or expand the term. Before, that term included all causes of action arising on contract. To enlarge it, it must be held to include causes of action not arising on contract. These can be no other than torts.

In *Koch v. Ashland*, 83 Wis. 361, the words of the char-
ter were: "No suit of any kind or any claim of any character
shall be brought against said city, but the claimant shall
file his claim with the city clerk." It was held that the
term "any claim of any character" includes causes of ac-
tion arising on torts. It seems impossible to make a sub-
stantial distinction in the meaning of the terms "any claim
of any character" and "any claim or demand of whatso-
ever nature." The case of *Vogel v. Antigo*, 81 Wis. 642,
differs from the instant case in this: that in that case there
was no provision for an appeal from the determination of
the common council in the case of a claim founded on a
tort, while in the instant case every other remedy is taken
away in all cases, by express words. It is held that the
circuit court obtained jurisdiction by the appeal.

The notice is clearly sufficient in its description of the
place of the accident. And it is not clearly shown that the
accident did not happen at the place described. The ver-
dict should be held to have settled that question.

The notice is required to state "the place where such
damage occurred, and describing generally the insufficiency
or want of repair which occasioned it." R. S. sec. 1339.
While, no doubt, a better and in many respects more satis-
factory description of the "insufficiency or want of re-
pair" of this sidewalk which caused the accident could as
easily have been given, it yet cannot, perhaps, be fairly
said that this does not describe "generally the insufficiency
or want of repair." It was described as being in "an un-
sound, defective, and dangerous condition." It was proved
to be rotten, both plank and stringers. It cannot well be
denied that the term "unsound" describes *generally* the
condition of being rotten, when applied to a sidewalk.
"Unsound and dangerous" may fairly mean "so rotten as
to be dangerous." So it is held that the notice is, in this
respect, sufficient. It did describe generally the insuffi-

ciency and want of repair which caused the damage. This view gets some support from ch. 85, Laws of 1893, which, though not binding as a rule of decision in this case, yet is suggestive of the legislative policy in the matter involved.

*By the Court.*— The judgment of the circuit court is affirmed.'