McCue, Appellant, vs. The City of Waupun, Respondent.

*June 12 — June 24, 1897.*

| | |
|---|---|
| 96 | 625 |
| 105 | 140 |
| 105 | 141 |
| 105 | 367 |
| 105 | 368 |

(1) *Municipal corporations: Disallowance of claim for personal injuries: Failure to appeal.* (2) *Failure to find on plea in abatement: Immaterial error.*

| | |
|---|---|
| 96 | 625 |
| 113 | [1]295 |

1. Under the general law for the incorporation of cities (ch. 326, Laws of 1889, as amended by ch. 312, Laws of 1893), providing, in secs. 58–60, that no action shall be maintained against a city organized thereunder "upon any claim or demand *of any kind or character whatsoever,*" unless it shall have been first presented to the common council and disallowed in whole or in part, and that the action of the council thereon shall be conclusive unless appealed from within twenty days, failure to appeal from the disallowance of a claim for personal injuries within the prescribed time constitutes a bar to an action to recover therefor.

2. Where the same matter is pleaded both in abatement and in bar, the direction of a verdict for the defendant on the plea in bar, after trial on the merits, without finding on the plea in abatement, is not error prejudicial to the plaintiff.

Appeal from a judgment of the circuit court for Dodge county: Warham Parks, Circuit Judge. *Affirmed.*

This was an action to recover against the defendant city damages the plaintiff claimed to have sustained by reason of a personal injury occasioned by the defendant's alleged neglect to supply him with good, safe, and suitable tools and implements while working in its employ as a laborer on a certain street in the city; in consequence of the unsafe, defective, and insufficient character of which said tools and implements, on the 18th of August, 1893, he was greatly injured while so working upon such street. The defendant answered by way of abatement, and also in bar, that the plaintiff's said claim had been presented to the common council for allowance April 13, 1894; that on the 3d of July, 1894, the defendant city adopted, as authorized by law, the provisions of sec. 58, ch. 326, Laws of 1889, as amended by sec. 27, ch.

McCue vs. The City of Waupun.

312, Laws of 1893, and the provisions of secs. 59 and 60 of said ch. 326; that on September 1, 1894, the common council disallowed said claim, and the plaintiff did not appeal from said decision of disallowance within twenty days thereafter, whereby his claim for said alleged injuries became and was barred before this action was commenced. There was a general denial of the allegations of the complaint, and it was alleged that the plaintiff was guilty of contributory negligence on his part. Evidence was given, showing the truth of the special matters so pleaded in abatement and in bar, and as well upon the other issues in the case. At the close of the evidence the court directed a verdict for the defendant, upon which the defendant had judgment, and from which the plaintiff appealed.

For the appellant there was a brief by *Malone & Bachhuber*, and oral argument by *J. E. Malone*. To the point that the failure to find on the plea in abatement was error, they cited *Brown Co. v. Van Stralen*, 45 Wis. 675; *S. C.* 46 id. 374; *Tomlinson v. Nelson*, 49 id. 679; *Jernigan v. Carter*, 51 Ga. 232; 1 Ency. of Pl. & Pr. 35.

*C. E. Hooker*, for the respondent.

PINNEY, J. By sec. 58, ch. 326, Laws of 1889, as amended by sec. 27, ch. 312, Laws of 1893, it was provided that "no action shall be maintained by any person, against any city organized under the provisions of this act, upon any claim or demand *of any kind or character whatsoever*, until such person shall have first presented his claim or demand to the common council for allowance, and the same shall have been disallowed, in whole or in part;" and sec. 59, ch. 326, Laws of 1889, provides that "the determination of the common council disallowing in whole or in part any claim shall be final and conclusive, and a bar to any action in any court founded on such claim, unless an appeal be taken from the decision of such common council, as in this act provided." By

sec. 60 the time to appeal from such disallowance is limited to twenty days after making such decision or disallowance. The amendment to said sec. 58 consisted wholly of incorporating in the section the words above in italics, "of any kind or character whatsoever." These statutory provisions became and were, at the time of the disallowance of the plaintiff's claim, a part of the charter of the defendant city. The provisions of sec. 58, thus adopted, as at first enacted and before amended as above stated, were substantially the same as those of the charter of the city of Madison, construed in *Kelley v. Madison*, 43 Wis. 638, where the general meaning of the words "any claim or demand" was held to be so limited and restrained by other provisions of the charter in respect to the filing and allowance of accounts or demands that these words could not be held to include a cause of action in tort, and a more limited meaning was accordingly. given to them. But for the amendment to sec. 58, by which the phrase "any claim or demand" was extended so as to read "any claim or demand of *any kind or character whatsoever*," this case would be ruled by that of *Kelley v. Madison, supra.* The section, as thus amended and adopted by the defendant, is very broad and comprehensive, and was evidently designed to change the rule of *Kelley v. Madison*, and to bring within its language claims or demands founded upon tort, thus restoring the general meaning assigned to the words "claims or demands," as shown by the authorities cited by Mr. Justice COLE in that case (page 644). According to Lord COKE, as appears in *Vedder v. Vedder*, 1 Denio, 261, the word *demand* "is the largest word in law except *claim;* and a release of demands discharges all sorts of actions, rights, and titles, conditions before or after breach, executions, appeals, rents of all kinds, covenants, annuities, contracts, recognizances, statutes and commons. Bac. Abr. 'Release' (I); Litt. sec. 508; Co. Litt. 291b; *Edward Altham's Case*, 8 Coke, 148a." A similar effect was ascribed in

*Sheel v. Appleton*, 49 Wis. 126, to a provision that "no action shall be maintained by any person against the city, upon any claim or demand of *any kind whatsoever*, whether arising from contract *or otherwise*." In *Koch v. Ashland*, 83 Wis. 361-363, the provision was: "No suit of *any kind*, or *any claim of any character*, shall be brought against the city, but the claimant shall file his claim with the city clerk," and an appeal was given to the circuit court in case he was aggrieved by its disallowance; and it was held that an independent action upon a claim founded in tort could not be maintained. It will be observed that the statute, as amended, extends to any claim or demand "of *any kind* or of *any character whatsoever*." Before this amendment, a claim or demand founded in tort was not within the statute. The entire purpose of the amendment was to make the statute applicable to claims or demands founded in tort as well as on contract. *Van Frachen v. Ft. Howard*, 88 Wis. 570. The evident policy of the act was to secure to the common council, before litigation should ensue, an opportunity for a full official examination of the merits of an important class of cases, that litigation might be avoided by timely action. To say that such claims are not within the statute as amended is to render the clear and comprehensive language of the amendment void of purpose and without effect. When the plaintiff's claim was disallowed, he had the full statutory period of twenty days within which to appeal, but he failed to avail himself of this privilege. After the expiration of that period, he brought his action, and the defense insisted on by answer was that his action was barred by reason of his failure to appeal, and this was a valid answer in bar. *Watson v. Appleton*, 62 Wis. 267; *Koch v. Ashland*, 83 Wis. 361.

The failure of the court to find on the plea in abatement, effect having been properly given to the same matter in bar, cannot be regarded as an error prejudicial to the plaintiff. A formal finding, sustaining the answer in abatement, would

have served no beneficial purpose when the same matter was an absolute bar upon the merits. The alleged error does not affect the substantial rights of the plaintiff, and furnishes no ground for reversal of the judgment.    R. S. sec. 2829.

It follows that the judgment of the circuit court was rightly given for the defendant.

*By the Court.*— The judgment of the circuit court is affirmed.