MASON, Appellant, vs. THE CITY OF ASHLAND, Respondent.

*February 10 — March 1, 1898.*

(1) *Appealable order.* (2) *Municipal corporations: Ashland city charter: Presentation of claims: Limitation of. time for action by council: Appeal to circuit court.*

1. An order dismissing, on the ground of a want of jurisdiction, an appeal from the disallowance by the common council of a claim against a city, effectually terminated the proceeding and prevented

Mason vs. The City of Ashland.

a judgment from which an appeal might be taken, and hence is appealable under subd. 1, sec. 1, ch. 212, Laws of 1895.

2. Where a city charter provides that no suit on any claim or demand shall be brought against the city until the claimant shall have presented the same to the common council for allowance; that in case of a disallowance thereof the claimant may proceed by appeal to the circuit court within twenty days thereafter; that failure to pass on the claim within sixty days after presentation shall be deemed a disallowance; that the disallowance of the claim shall be conclusive and a bar to any action in court founded thereon unless appealed from within the time provided by the charter; that no suit of any kind on any claim of any character shall be brought against the city, but that the claimant shall proceed to enforce his claim by filing the same with the city clerk for the action of the common council thereon, and appeal therefrom in case of final adverse action as provided by the charter; that failure of the common council to pass upon the claim within sixty days from the time of such filing may be taken by the claimant as a disallowance of his claim; and that the council shall not consider any claim till it shall first have been examined and reported on by the comptroller, *held:*

(1) That the words "presented to the common council for allowance" and "filed with the city clerk for the action of the common council thereon" are synonymous terms and not affected by the requirement that the comptroller shall examine and report on claims before the consideration thereof by the council.

(2) That when a claim is filed with the city clerk for the action of the common council thereon, it is in legal effect presented to such council for allowance.

(3) That the sixty-day period of delay, which operates for the purposes of an appeal as a disallowance of a claim, commences to run as soon as the same is presented to the common council for allowance by filing the same with its clerk for its action thereon.

(4) That the word "may," in the provision to the effect that sixty days' neglect to pass upon a claim *may* be taken as a disallowance for the purposes of an appeal, and the word "may," in the provision to the effect that upon the disallowance of a claim the claimant *may* appeal, must be construed in a sense exclusive, so that when the right of appeal is perfected it must be exercised within the twenty days provided by the charter, or the claimant will be forever barred from prosecuting his claim in any court.

[Syllabus by MARSHALL, J.]

APPEAL from an order of the circuit court for Ashland county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

July 18, 1896, plaintiff filed with the city clerk of the city of *Ashland*, for allowance by the common council of such city, a claim for moneys alleged to be due him from the city for services as a police officer. On the 8th day of February, 1897, the common council having failed to take final action, plaintiff appealed to the circuit court in the manner provided by the city charter. When the case was reached for a hearing in the circuit court, an order was entered, on motion of the defendant, dismissing the appeal for want of jurisdiction of the court, because the appeal was not taken within the time required by the city charter. This appeal was taken from such order.

For the appellant there was a brief by *Cate, Sanborn, Lamoreux & Park*, attorneys, and *D. F. O'Keefe*, of counsel, and oral argument by *B. B. Park*.

*E. E. Brossard*, for the respondent.

MARSHALL, J. The ground of the dismissal of the appeal being want of jurisdiction of the court, the order entered on such dismissal effectually terminated the proceeding. Motion costs might have been allowed and included in the order, but no judgment for costs was proper. *Felt v. Felt,* 19 Wis. 195; *Ketchum v. Freeman,* 24 Wis. 296; *Kingsley v. G. N. R. Co.* 91 Wis. 380. It follows that the order appealed from is one affecting a substantial right, terminating the action and preventing a judgment from which an appeal might be taken, hence appealable under subd. 1, sec. 1, ch. 212, Laws of 1895.

Appellant contends that the sixty-day period of neglect to act upon his claim, which, under the charter of the city of *Ashland*, had, for the purposes of an appeal, the effect of a final adverse determination by the common council, commenced to run when the claim was presented to the common

council for action, after the investigation and report by the comptroller, and not, as the trial court held, when the claim was delivered by the appellant to the city clerk for action of the common council thereon.  The determination of the controversy turns on the proper construction to be given to several sections of the city charter, contained in ch. 27, Laws of 1889.   Such sections are substantially as follows:

Sec. 4, subch. VII.  No action on any claim or demand shall be maintained against the city by any person, until such person *shall have presented his claim or demand to the common council for allowance,* and the same shall be disallowed in whole or in part, provided that failure to pass on the claim within sixty days after the presentation thereof shall be deemed a disallowance of such claim.

Sec. 5, subch. VII.  The adverse determination of the council shall be conclusive, unless appealed from as provided in the next section.

Sec. 6, subch. VII.  The claimant may appeal from the final adverse action of the common council on his claim, within twenty days after such action.

Sec. 13, subch. VIII.  No suit of any kind, *on any claim of any character,* shall be brought against the city, but the claimant shall proceed *by filing his claim with the city clerk for the action of the common council thereon,* and appeal, in case of final adverse action, in the manner before indicated, provided that failure to finally act upon the claim, by the common council, for sixty days after the filing thereof, may be taken as a disallowance of the same.

Sec. 6, subch. V.  No claim shall be considered by the common council, or reported to a committee, till it shall have been examined and reported on by the comptroller.

The judicial construction given by this court to the words, " claim or demand " as used in sec. 4, subch. VII, is that they include only the claims arising on contract.  *Bradley v. Eau Claire,* 56 Wis. 168; *Kelley v. Madison,* 43 Wis. 638; *Jung*

*v. Stevens Point,* 74 Wis. 547; *Sommers v. Marshfield,* 90 Wis. 59. The proper construction of the term, "any claim of any character," used in section 13, subch. VIII, as repeatedly held by this court, is that it includes contract and tort claims as well. *Sheel v. Appleton,* 49 Wis. 125; *Koch v. Ashland,* 83 Wis. 361; *Watson v. Appleton,* 62 Wis. 267. True, the latter section is out of its proper place in the charter, being in the chapter in regard to actions to recover penalties, etc., considered with reference to an orderly and logical arrangement of charter provisions, but its language is so broad, so plain, so unmistakable in meaning, as to leave no ground for reasonable contention that it refers to a particular class of claims and was not intended to include those mentioned in section 4, subch. VII. It includes claims and demands mentioned in the latter section, and all other claims as well. That was evidently the legislative purpose, and the intent was to accomplish it in language so plain as to leave no room for doubt on the question. That the end sought was accomplished, this court decided in *Koch v. Ashland, supra.*

But it is said there is a conflict in the two provisions, in that the first provides that the sixty-day period of neglect to act on a claim commences when the claim is presented to the common council for action, and the second that it commences when the claim is filed with the city clerk for such action; that the former relates to the class of claims to which the one in question belongs, and should prevail over the latter general provision, under a well-known rule of statutory construction. That rule does not apply where the later general statute or provision is so worded as to necessarily include the subject of the previous act or provision. It is a rule of construction adopted to the end that all provisions of an act may stand together, if such end can be attained without doing violence to the language used. The presumption is that when there is a particular clause of

an act, or a special act, and a general clause or general act, in terms that may reasonably but not necessarily be construed to include the subject of the particular clause or act, the latter was intended as an exception. There is no room for the application of the rule where the language of the latter clause or act is so worded as to leave no reasonable ground for inference that it was intended otherwise than to cover and govern the particular subject, and all others as well, to which the language clearly relates. Such is the situation in this case. Sec. 13, subch. VIII, is so plainly worded that rules for judicial construction cannot be resorted to to determine the legislative intent, so far as relates to the subject covered by it. The legal presumption of the rule mentioned is rebutted by unmistakable language even if we agree that there is a conflict.

But it is considered that there is no conflict between the two sections. In judicial construction, one of the most familiar rules is that conflicts by implication or otherwise between different provisions of a statute, or between two statutes, are not favored and will not be held to exist if they may be otherwise reasonably construed. *Attorney General ex rel. Taylor v. Brown,* 1 Wis. 513; *Attorney General v. Railroad Cos.* 35 Wis. 425. Such rule has often been stated by this court to the effect that when two acts or provisions are susceptible of a construction which will give operation to both and all of the words in each, without doing violence to either, it is incumbent on the court to search for some reasonable ground for such construction, and not reach the conclusion that a fatal conflict exists, unless the meaning of the words and the manner of their use be such as to render it impossible to reconcile them on any reasonable theory, whereby all may be given force and effect.

Applying the foregoing to this case, the conclusion is easily reached that the words, "presented to the common

council for allowance," and "filed with the city clerk for the action of the common council," are identical in meaning. The only orderly way by which a claim can be presented to a common council for its action is by filing the same with its clerk. When so filed it is, in legal effect, presented to the common council. The only effect of sec. 13, subch. VIII, is to broaden out the provision of sec. 4, subch. VII, so as to apply to all claims against the city of whatever character, whether arising on contract or otherwise.

The fact that the charter requires the comptroller to examine and report on all claims before action by the common council, does not warrant the conclusion that the legislative intent was that the council should have sixty days within which to act, after the report by the comptroller. The wording of the section in regard to the duties of the comptroller indicates that the legislative idea was that a claim would be, to all intents and purposes, before the council for action when filed with the clerk. It does not provide that a claim shall not be presented to the council for action till passed upon by the comptroller, but that it shall not be acted upon by them till first examined and reported on by him. He is required to examine and report on all claims presented,— report, obviously, to the council,— and that suggests, naturally, that the claim goes to his hands, in legal effect, from the council through its clerk. The word "presented," thus used, has the same significance as in the term, "presented to the common council," found in sec. 4, subch. VII. The requirement plainly is that the comptroller shall examine and report on all claims presented to the common council for their action, or filed with the city clerk for such action, and that the council shall not allow a claim till so examined and reported on.

The foregoing appears to be not only a reasonable construction, but very plainly in accord with what was intended by the lawmakers. It also accords with the decision of the

trial court, and necessarily leads to an affirmance of the. order appealed from. The right of appeal was perfect at the expiration of sixty days from the time of the presentation of the claim to the common council for allowance, by filing the same with its clerk for action thereon. Such right being perfect, the appellant was obliged to exercise it within the twenty days allowed by statute, or be forever barred from thereafter prosecuting his claim in any court. *Fleming v. Appleton*, 55 Wis. 90; *Koch v. Ashland*, 83 Wis. 361.

*By the Court.*— The order of the circuit court is affirmed.