Telford vs. The City of Ashland.

TELFORD, Respondent, vs. THE CITY OF ASHLAND, Appellant.

*May 26 — June 23, 1898.*

*Municipal corporations: Ashland city charter: Appeal from disallow-ance of claim: Jurisdiction: Waiver.*

The charter of the city of Ashland (ch. 27, Laws of 1889) provides that no suit of any kind shall be brought against the city in any court, but the claim shall be presented to the common council, and from its adverse action the claimant may appeal, within twenty days, to the circuit court. *Held*, that the jurisdiction of the circuit court over the subject matter depends upon an appeal duly taken, and hence the objection that an appeal was not taken within the pre-scribed time may be raised for the first time on appeal to the su-preme court. So far as the decision in *Sheel v. Appleton*, 49 Wis. 125, is contrary to this doctrine, it is overruled.

APPEAL from a judgment of the circuit court for Ashland county: E. W. HELMS, Judge. *Reversed.*

The plaintiff was a lot-owner in the city of *Ashland*, and brought this action for an alleged illegal grading of the street in front of her lot. She filed her claim with the city clerk March 11, 1896. On April 21, 1896, the common coun-cil disallowed the claim; and, on May 29th following, she filed her notice of appeal to the circuit court, and bond, as required by the charter of the city, whereupon the papers were transmitted to that court. Formal pleadings were then made by the parties, the complaint alleging, among other things, that she had taken her appeal within the time lim-ited by the charter, and the answer admitting that the plaintiff duly appealed. The action was tried, and resulted in a verdict in substance for the plaintiff, upon which judg-ment was rendered in her favor for $1,035, damages and costs, and the defendant appeals.

*E. E. Brossard*, for the appellant.

For the respondent the cause was submitted on the brief of *Gleason & Sleight* and *Geo. C. Foster*.

WINSLOW, J.   The objection is raised that the circuit court had no jurisdiction of this action, because the appeal from the action of the city council was not taken within twenty days after such action.   This objection was not taken in the trial court, and hence it is waived unless it goes to jurisdiction of the subject matter.   The provisions of the charter of the city of *Ashland* on this subject (ch. 27, Laws of 1889) have been before this court in a number of cases, the last of such cases being *Mason v. Ashland*, 98 Wis. 540, where the various sections are fully stated.   It is sufficient to say here that they provide that no suit of any kind shall be brought against the city in any court, but that the claim shall be presented to the common council, and that the claimant may appeal from the council's adverse action thereon within twenty days after such action.   This court has held that tort actions are included within this provision (*Koch v. Ashland*, 83 Wis. 361); also, that the failure to appeal within the prescribed time is a complete bar to the claim (*Mason v. Ashland, supra*).

In this case the appeal was not taken within twenty days after the adverse decision of the council, but the action was tried without objection on this ground in the circuit court; and the question is whether it can be raised for the first time upon appeal in this court.   This question, as before indicated, depends upon the further question whether the objection goes to jurisdiction of the subject matter, or only to jurisdiction of the person; for it is familiar law that objections to the jurisdiction of the person are waived by going to trial without raising them in some appropriate manner, while objections to jurisdiction of the subject matter are always open.   That the objection goes to jurisdiction of the subject matter seems not doubtful.   The jurisdiction of the circuit court over the subject of the action depends upon the appeal being duly taken.   It can obtain jurisdiction over actions against the city in no other way.   The case is not

essentially different from the case of an attempted appeal from justice's to circuit court, where it has been frequently held that, if the appeal papers are defective in substance, the circuit court obtains no jurisdiction of the subject matter, and that the objection is not waived by going to trial. *Palmer v. Peterson*, 46 Wis. 401; *Plano Mfg. Co. v. Rasey*, 69 Wis. 246, and cases cited. See *Bullard v. Kuhl*, 54 Wis. 544. It is quite analogous to a case of change of venue, where the proper steps to make the change have not been taken, and where it has been frequently held that consent will not give jurisdiction. *Hager v. Falk*, 82 Wis. 645; *Swan v. Porter*, 96 Wis. 34. So far as the decision in *Sheel v. Appleton*, 49 Wis. 125, is contrary to this doctrine, it must be considered as overruled.

*By the Court.*— Judgment reversed, and action remanded with directions to dismiss the appeal.