Seegar vs. City of Ashland.

---

SEEGAR, Respondent, vs. CITY OF ASHLAND, Appellant.

*December 16, 1898 — January 10, 1899.*

*Ashland city charter: Disallowance of claim: Appeal: Limitation.*

Under the charter of the city of Ashland the failure of the city council to act upon a claim within sixty days after it has been presented is equivalent to a disallowance, and the right to appeal therefrom expires in twenty days after such a disallowance. The council cannot again consider such claim, nor can it, after the time to appeal has expired, extend that time by an express vote of disallowance.

| | |
|---|---|
| 101 | 515 |
| f103 | 299 |
| 101 | 515 |
| 105 | 141 |
| 101 | 515 |
| 106 | 598 |
| 101 | 515 |
| 109 | 226 |
| 101 | 515 |
| 113 | 39 |
| 113 | 295 |
| 101 | 515 |
| 115 | 541 |
| e187 US | 443 |

APPEAL from a judgment of the circuit court for Douglas county: A. J. VINJE, Circuit Judge. *Reversed.*

The plaintiff on August 16, 1894, filed with the city clerk of *Ashland* claim for injury at the hands of a mob on one of the streets in said city. No action was taken upon said

claim until October 23, 1894, when the council voted to disallow it. On November 10th the plaintiff gave notice of appeal, accompanied by an undertaking, filed copies thereof in the circuit court for Ashland county, and thereafter filed complaint in due form, to which the defendant answered a general denial, without raising objection either to the time of taking the appeal or to the sufficiency of the appeal papers. After the venue of the case had been changed to Douglas county, the defendant, then represented by a different attorney, filed a motion in writing to dismiss the plaintiff's appeal upon the grounds — First, that the court had no jurisdiction of the defendant; second, that the court had no jurisdiction of the subject matter of the action; and, third, that no sufficient bond was given upon appeal. That motion was denied. Upon the case coming to trial, the defendant objected to the introduction of any evidence under the complaint, and moved for judgment of nonsuit, on the grounds, among others: First, that the court had no jurisdiction of the person of the defendant; and, second, that the court had no jurisdiction of the subject matter,— both of which were overruled. Trial was had, and judgment for the plaintiff, from which the defendant appeals.

*E. E. Brossard*, for the appellant.

For the respondent the cause was submitted on the brief of *Cate, Sanborn, Lamoreux & Park*.

DODGE, J. That an appeal within twenty days after the disallowance of a claim against the city of *Ashland* is a jurisdictional requirement, and that a failure to so appeal is not waived by pleading to the merits, as would be a statute of limitations, is settled and needs no further argument. *Telford v. Ashland*, 100 Wis. 238.

The question presented here is whether the present appeal is within that statutory limit. It was taken more than twenty days after the expiration of sixty days from the filing of the

claim with the common council, but less than twenty days after a later express vote of disallowance thereof.

The language of the charter provision of *Ashland* has been before this court in numerous cases recently, and is set out fully in *Mason v. Ashland*, 98 Wis. 540. In *Fleming v. Appleton*, 55 Wis. 90–92, this court, construing similar provisions in the charter of the city of Appleton, said: "Under the charter, nonaction upon the claim for sixty days after its presentation is as much a decision of disallowance as an affirmative vote to that effect. The failure during such period to allow, in whole or in part, was, by force of the statute, a determination of disallowance, from which an appeal could be taken."

In *Watson v. Appleton*, 62 Wis. 267–269, the court say: "The neglect or refusal of the common council to act upon the plaintiff's claim for sixty days after it was presented must be deemed and taken to be a disallowance of the claim. . . . At that time the right to appeal to the circuit court, as in the case of a disallowed claim, accrued and was complete. . . . When the nonaction of the common council had worked a disallowance of the plaintiff's claim, she should have taken her appeal to the circuit court within the time prescribed by the charter."

In *Mason v. Ashland, supra,* the court say: "The right of appeal was perfect at the expiration of sixty days from the time of presentation of the claim to the common council for allowance by filing the same with its clerk for action thereon."

Certainly the intimation from all these decisions is toward the conclusion that this claim was as completely "disallowed by the council" on the 16th day of October as if the council had voted its disallowance. The right to appeal then became perfect, and the duty to appeal, if he did not intend to be concluded, was then cast upon the claimant.

In *Gutta Percha & R. Mfg. Co. v. Ashland,* 100 Wis. 232, it is held that either the allowance or disallowance of a claim by the council has substantially all the conclusiveness

of a judgment, to the extent even that allowance will support *mandamus* to compel levy of tax to pay, in full analogy to a judgment. A disallowance is made quite as conclusive by the charter, which provides (Laws of 1889, ch. 27, subch. XXI, sec. 8): "In case any person shall present his claim or demand against said city, and the common council of such city shall disallow such claim in whole or in part, the common council shall not again consider or allow such claim."

The purpose of this legislation is obvious, namely, that the public treasury shall be free from the peril of repeated solicitation of successive councils or other public officers by claimants. It is to protect not only against the persistent cupidity of claimants, but against the yielding thereto of public officials. We have already held in *Telford v. Ashland*, 100 Wis. 238, that this protection cannot be waived by the city attorney by neglecting to plead the statutory prohibition. That it cannot, after a disallowance accomplished either by vote of the common council or by its nonaction for sixty days, be waived by any action the common council may take, is an equally necessary construction, if we would give full effect to the legislative intent. After such disallowance, the council is prohibited, not only from allowing the claim, but from considering it. It can neither subject the treasury to a certain burden by a vote of allowance, nor, as claimed to be accomplished in this case, can it, by an express vote of disallowance, subject that treasury to the contingent burden which would result from an enlargement of the time for an appeal.

The legislature has deemed it necessary to throw these burdens upon the claimant and restrictions upon the municipal officers in order to protect the public moneys of the municipality, and we cannot review the wisdom nor impair the efficacy of its enactments, were we at all inclined to do so.

We hold, therefore, that the claim in this case became

disallowed on October 15th; that the appeal could only be taken within twenty days thereafter; that the common council could not and did not waive such restriction, nor extend the time; and, as a result, that the circuit court acquired no jurisdiction of the subject matter, and should have granted the defendant's motion to dismiss. We cannot properly, therefore, and do not, consider any of the other errors assigned.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded with direction to dismiss the appeal from the action of the common council.