Morgan, Respondent, vs. The City of Rhinelander, Appellant.

*November 27 — December 15, 1899.*

*Municipal corporations: Personal injuries: Filing claims: Disallowance: Appeal: Independent action: Statute of limitations: General city charter law.*

1. Plaintiff, having been injured by a defective sidewalk, gave written notice of such injury and filed a statement of his claim for damages, and more than five months thereafter, the common council having failed to act thereon, brought this independent action instead of taking an appeal from the nonaction of the council. The defendant city was organized under the general city charter law which was in force therein during all the times in question. *Held,*

Morgan vs. The City of Rhinelander.

that under its provisions (sec. 58, ch. 326, Laws of 1889, as amended by sec. 27, ch. 312, Laws of 1893) the words "any claim or demand of any kind or character whatsoever" were broad enough to include the claim for damages alleged.

2. The nonaction of the common council within sixty days after plaintiff filed his claim was a disallowance thereof, and he having failed to take his appeal therefrom within the twenty days allowed by sec. 60, ch. 326, Laws of 1889, his right to bring any action on such claim was barred under sec. 59, ch. 326, Laws of 1889.

3. This action having been commenced after the Statutes of 1898 went into effect, the fact that the words "of any kind or character whatsoever," contained in sec. 58, ch. 326, Laws of 1889, as amended by sec. 27, ch. 312, Laws of 1893, were dropped out of the corresponding section of the revision did not revive plaintiff's right of action which was then barred by said charter provisions.

APPEAL from an order of the circuit court for Oneida county: W. C. SILVERTHORN, Circuit Judge. *Reversed.*

*Levi J. Billings,* for the appellant.

For the respondent the cause was submitted on the brief of *A. W. Shelton.*

CASSODAY, C. J. This is an appeal from an order overruling a demurrer to the complaint, alleging, in effect, that July 15, 1896, the plaintiff, while lawfully traveling upon the sidewalk in the defendant city, at the place described, stepped upon a broken board or hole in such sidewalk, so defective by negligence of the city, and broke his leg, and was otherwise injured; that within ninety days after the injury the plaintiff gave notice to the city clerk, in writing, of the injury, and the place where it occurred, describing the insufficiency and want of repair, causing the injury, and claimed satisfaction from the city for the damages sustained; that March 12, 1898, the plaintiff filed a statement of his claim for damages with the city clerk, to be by him laid before the common council; and that the common council had taken no action on such claim, notwithstanding more than five months had elapsed since such claim had been so filed.

The defendant city was organized under the general charter, and the same was in force during the times in question. That charter, during such time, among other things, provided that, "No action shall be maintained by any person against any city organized under the provisions of this act, upon *any claim or demand of any kind or character whatsoever*, until such person shall have first presented his claim or demand to the common council for allowance, and the same shall have been disallowed in whole or in part; provided, the failure of such common council to pass upon such claim within sixty days after the presentation of such claim, shall be deemed a disallowance thereof." Sec. 58, ch. 326, Laws of 1889, as amended by sec. 27, ch. 312, Laws of 1893. The words "any claim or demand of any kind or character whatsoever" are certainly broad enough to include the claim for damages alleged in the complaint, as this court has repeatedly held. *Sheel v. Appleton*, 49 Wis. 125; *Koch v. Ashland*, 83 Wis. 361; *Van Frachen v. Ft. Howard*, 88 Wis. 570; *McCue v. Waupun*, 96 Wis. 625; *Mason v. Ashland*, 98 Wis. 544. The charter during such time also provided that "The determination of the common council disallowing in whole or in part any claims shall be final and conclusive, and a bar to any action in any court founded on such claim, unless an appeal be taken from the decision of such common council as in this act provided." Sec. 59, ch. 326, Laws of 1889. The next section in such chapter provided, in effect, that whenever any such claim against the city should be disallowed, in whole or in part, by the common council, the claimant might appeal from such decision to the circuit court, in the manner therein prescribed, within twenty days after the disallowance of such claim. Sec. 60, Id. As indicated in the statement, the plaintiff's claim was filed with the city clerk March 12, 1898, and, as the common council took no action thereon, the claim must, under the provision of the charter quoted, be regarded as disallowed sixty days

after the same was so presented. It follows that the sixty days expired May 12, 1898, and that under the section of the charter last cited the plaintiff had only twenty days to appeal from such disallowance. He did not appeal, but brought this independent action. This court has repeatedly held, under the same or similar charter provisions, that such failure to appeal bars the right to bring an independent action. *Fleming v. Appleton,* 55 Wis. 90; *Watson v. Appleton,* 62 Wis. 267; *Koch v. Ashland,* 83 Wis. 361; *McCue v. Waupun,* 96 Wis. 625; *Mason v. Ashland,* 98 Wis. 540; *Gutta Percha & R. Mfg. Co. v. Ashland,* 100 Wis. 232; *Telford v. Ashland,* 100 Wis. 238; *Seegar v. Ashland,* 101 Wis. 515.

Counsel for the respondent concedes that prior to September 1, 1898, when the new revised statutes went into effect, the law was as stated, but he contends that the words "of any kind or character whatsoever," contained in sec. 58, ch. 326, Laws of 1889, as amended by sec. 27, ch. 312, Laws of 1893, were dropped out of the corresponding section as found in the Statutes of 1898 (sec. 925—58); and that this action was not commenced in the circuit court until after such statutes went into effect. But we are clearly of the opinion that that act did not revive a right of action which had thus previously been barred by the statutes.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded for further proceedings according to law.

BARDEEN, J., took no part.