GEORGE F. SETTLE, PLAINTIFF, *v.* E. C. STERLING, PRISON COMMISSIONER, DEFENDANT.

REQUISITION—AGENT—OFFICER.—The position of an agent named in a requisition to receive and return a fugitive from justice, is an office; and such officer is entitled to the fees and emoluments fixed by law for his services.

GOVERNOR—FEES OF AGENT.—The governor has a right to the appointment of an agent; but can not fix any terms as to his fees.

AGREEMENT—AGENT—FEES.—Any agreement by an agent named in a requisition to take less or more than the fees allowed by law is illegal and void.

JUDGMENT rendered *pro forma* in the district court of the second judicial district, Ada county, and adjourned into this court by consent of parties.

*Frank Ganahl,* for the plaintiff.

*E. J. Curtis,* for the defendant.

MILLER, J., delivered the opinion, KELLY, J., concurring, BOWERS, C. J., dissenting.

This case comes before us upon the consent of parties. The parties hereto, under section 336, Civil Practice Act, page 153, Laws of Idaho, first session, have, without action, agreed upon a case, and presented a submission thereof to the court below, duly verified according to law by both their affidavits. The court below entered a judgment *pro forma* in favor of the defendant, and from that judgment, by consent of both parties, had in open court, this case comes before us. The case on the agreed statement and submission duly verified as aforesaid by the affidavits of both parties was argued in due course by counsel for both parties before a full bench, and afterwards judgment thereon was duly entered by Justices Kelly and Miller (Bowers, C. J., being absent at court in Boise county), on the sixth day of March, 1869, in favor of the plaintiff, and directing a writ of mandate to issue, commanding the defendant to audit the account of plaintiff; which writ did issue on the same day and was obeyed by defendant.

The statement as submitted and sworn to by both parties, states as follows:

1. That in September, 1868, the grand jury of Alturas county duly presented and found by their indictment one John A. Andrews guilty of the crime of grand larceny.

2. That at that time the said John A. Andrews was a fugitive from justice, being then in the state of Indiana.

3. That the governor of Idaho duly issued his requisition upon the governor of Indiana for the body of said John A. Andrews, and duly appointed the said George F. Settle the agent for the territory to demand of the governor of Indiana

the said John A. Andrews to bring him to this territory in pursuance of said requisition.

4. That before issuing his said requisition and the appointment thereunder of said Settle, by the governor as aforesaid, he, the said governor, required of said Settle, the execution by him of the paper hereto annexed.

5. That said Settle, in pursuance of said requisition, proceeded to Indiana, and did perform all his necessary duties under and by virtue of said requisition, and did make and file before the said Sterling, as prison commissioner, his account for his said services, duly verified according to law, and that said account is true, just, and correct.

6. That said account was so presented to and filed by said Sterling, as prison commissioner, on January 2, 1869, and the services rendered therein were so rendered by said Settle from the twenty-second of September, 1868, to the twenty-fifth of December, 1868, under said requisition.

7. That said Sterling, as prison commissioner, refused on the second day of January, 1869, to audit said account of said Settle, and still refuses to audit said account, on the ground and for the reason of the execution by him of the paper hereto annexed.

8. The said Settle asks for the peremptory writ of mandate of this court compelling said E. O. Sterling, as prison commissioner, to audit his account aforesaid against the territory.   Signed,          GEORGE F. SETTLE,
          E. O. STERLING.

Territory of Idaho, county of Ada, *ss.*

George F. Settle and E. O. Sterling, being each duly sworn for himself, says that the foregoing statement of facts is true and correct; that the controversy is real and the proceeding in good faith to determine the rights of the parties thereto.          GEORGE F. SETTLE,
          E. O. STERLING.

Subscribed and sworn to before me this sixteenth day of January. 1869.

          SOL HASBROUCK,

Clerk district court, second judicial district, of Idaho Territory.

BOISE CITY, Idaho Territory, September 24, 1868.

Whereas, a certain bill of indictment has been found against one John A. Andrews by the grand jury of Alturas county, Idaho territory, bearing date September 11, 1868, charging said Andrews with committing a felony, and

Whereas, said Andrews has fled this territory and is now in the state of Indiana, and

Whereas, the governor of Idaho, to wit, Hon. D. W. Ballard, is about to issue his requisition upon the governor of Indiana for the rendition of said John A. Andrews as a fugitive from justice, and is about to appoint George Franklin Settle as a suitable person to receive and return said Andrews from the state of Indiana to the sheriff of Alturas county, Idaho. Now it is expressly understood and agreed on the part of said George Franklin Settle, by and with the governor, D. W. Ballard, upon the issuing of the said requisition, and his appointment as agent, or suitable person to return said Andrews, and in consideration of the interest of said George Franklin Settle in the property stolen or embezzled, by said Andrews, charged in said indictment as a felony, and a hope to recover the same, and in consideration of the sum of one dollar, advanced by the governor, the receipt of which is hereby acknowledged, I hereby agree to accept said agency, and proceed to the state of Indiana with said requisition, and use due diligence to return said fugitive Andrews. And I further certify and agree, that no other or further charge or claim shall ever be made by me, or in my behalf, against the territory of Idaho, or against Alturas county, on account of any services I may or shall render by reason of the issuing of said requisition for said John A. Andrews.

In witness whereof I have hereunto set my hand this twenty-fourth day of September, 1868.

GEORGE FRANKLIN SETTLE.

Attest:

S. R. HOWLETT.

The question submitted for the decision of the court was, whether or not the said Settle was bound by the instrument so signed by him, under the circumstances.

However commendable the conduct of the governor in looking after the pecuniary interests of the territory may be, and as in this case the same really was, I think the paper signed by Settle no bar whatever to the enforcement of his claim against the territory.

Looking to the instrument alone, and not to the statement, for any elucidation of the circumstances under or the consideration upon which the same was made, and treating the same either as a contract *sui generis* or a waiver, it is alike objectionable, either as being based upon no consideration or upon an illegal one. The paper reciting the fact of the indictment, and that the governor is about to issue his requisition for Andrews, and to appoint Settle the agent of the territory to execute the same, states as follows:

"Now it is expressly understood and agreed, on the part of said Settle, by and with the governor, D. W. Ballard, upon the issuing of the requisition, and his appointment as agent to return said Andrews, and in consideration of the interest of said Settle in the property stolen or embezzled by said Andrews, and a hope to recover the same, and in consideration of the sum of one dollar, advanced by the governor, the receipt of which is hereby acknowledged, I hereby agree, etc."

The considerations, then, for Settle's agreement not to charge the territory anything for his services are: 1. The issuing of the requisition and his appointment as agent thereunder; 2. Settle's interest in the property stolen by Andrews, and "a hope" through the requisition and by its means to recover the same; 3. One dollar by the governor to him paid. All three of these considerations are illegal, and no contract will be enforced based thereon. If the first be the only consideration, then the instrument signed by Settle, and the agreement therein contained, was the inducement to the governor to issue his requisition and appoint Settle the agent thereunder. It was either the governor's duty to issue the requisition for Andrews, or it was not. It was either an illegal act, or a legal one. If the agreement made by Settle was the consideration for the act in either case, or the inducement to it, it was based upon

an illegal consideration—being against public policy—and therefore void; if the second consideration, *i. e.*, " a hope" by Settle through the requisition to obtain his property by Andrews stolen, the agreement by Settle not to charge the territory anything is based upon a consideration clearly illegal—being against public policy—in this, that it is against the administration of public justice. For how could Settle expect to realize " a hope" of recovering his stolen property? By obeying the requisition, bringing back Andrews and criminally prosecuting him ? Certainly not. Only by disobeying the requisition—failing to enforce it—and with Andrews compounding the felony charged against him.

If the third consideration, to wit, the one dollar by Governor Ballard advanced, be the true consideration, it is equally illegal, and alike fatal to the agreement. The position of agent, under the requisition, was an office, and at the time of the then appointment and the rendition of the services by Settle thereunder, with its fees and emoluments fixed by law. The governor had the right of appointment, but could not fix any terms as to its fees. He could not buy them for one dollar or any other sum. Any agreement by an officer to take less or more, or any other sum than the fees allowed by law, would be illegal and void. (*Vide* 7 Bac. Abr., title Office and Officers.) The governor, in advancing the one dollar, was not purchasing the fees of the office for himself or for any other person; the one dollar was but the ancillary consideration to the consideration of the appointment of Settle as the agent of the territory, and a waiver by Settle of all compensation in consideration of· his appointment would be clearly illegal, as it would be buying an office pertaining to the administration of public justice. (*Vide* 7 Bacon, *supra.*)

But again viewing the instrument signed by Settle as based upon no consideration, but as being simply a waiver of his right to the fees of the office of agent under the requisition, is he estopped by it to claim his compensation allowed under the law ? I think not. It has been clearly established that an officer can not assign the fees of his office; they can not be levied on; and he can not sell them,

or their source—his office. If he can not assign or sell, he can not clearly waive. He can, it is true, refuse to demand them or to enforce his claim, and in this way may waive, but, when demanded, if entitled to them, they must be paid. But again, admitting the instrument signed by Settle to be valid and binding upon its face, the statement shows clearly that it was given by Settle upon an illegal consideration. Parol evidence is always admissible to show the illegality of a contract, no matter how valid it may be upon its face. (Chitty on Con. 731.)

The statement sworn to by both Settle and Sterling distinctly states that before issuing the requisition, and the appointment of Settle, the governor required of Settle the execution of the aforesaid agreement. (*Vide* statement, sec. 4.) In other words, the signing of the instrument was the inducement to the governor to issue the requisition and to appoint Settle.

It was either the governor's duty to do this, or it was not. It was either legal or illegal. Any contract made with an officer to do an illegal act is clearly void, and so also any contract to induce him to do his duty. (*Vide* Chitty on Cont., title Illegal Contracts; Story on Cont., title Illegal Contracts.) Here the statement is full and to the point. Section 4 uses the word "required," and this is sworn to by both Settle and Sterling, the parties to the submission. This point is alone decisive of the case.

Again, the contract, or the paper signed by Settle, is unstamped, and so remains, and under the laws of congress of 1862, in that condition can not be made available as a defense.

A mandamus is ordered to be issued, commanding the defendant to audit the plaintiff's account.