Rettinghouse vs. City of Ashland.

---

RETTINGHOUSE, Respondent, vs. CITY OF ASHLAND, Appellant.

106   595
109   622
109   624

*April 7 — April 27, 1900.*

*Municipal corporations: Officers: Salaries: Contract for smaller compensation: Accord and satisfaction.*

1. Under a charter providing that the city officers shall receive salaries to be fixed annually by the common council and not to be increased or diminished during their terms of office, an agreement between an officer and the mayor, entered into after the appointment of the former, by which he was to receive a certain sum *per diem* in lieu of the salary fixed by the council, is void.

2. The salary of the officer who had entered into such agreement was not paid monthly as the charter provided, but when about two thirds of the term had expired he filed a claim for a sum less than the amount of salary then due him, as being in full for his services for the entire year, and the same was allowed and paid. *Held,* that this did not constitute an accord and satisfaction.

APPEAL from a judgment of the circuit court for Ashland county: O. B. WYMAN, Judge. *Affirmed.*

For the appellant there was a brief by *E. F. Gleason*, attorney, and *Sanborn, Gleason & Sleight*, of counsel, and oral argument by *E. F. Gleason.*

For the respondent there was a brief by *Alvord & Dillon*, and oral argument by *M. E. Dillon.*

CASSODAY, C. J.    This action is to recover $300, the balance of the plaintiff's salary as city engineer, and interest. The defendant answered by way of admissions, denials, and counter allegations.    A jury trial having been waived, and the cause tried, the court at the close thereof found as matters of fact, in effect, that May 1, 1895, the plaintiff was duly appointed and acted as city engineer of the defendant for the term of one year; that the city council fixed the salary of the city engineer at its first regular meeting in February, 1896, for the year beginning May 1, 1896, and ending May 1, 1897, at the sum of $800; that May 1, 1896, the plaintiff was reappointed to succeed himself for the term of one year, beginning May 1, 1896, and ending May 1, 1897; that May 9, 1896, the plaintiff entered into a written agreement with Thomas Bardon, the then mayor of the city, wherein and whereby he agreed to perform such duties of the office as he should be requested to perform by the mayor at the specified sum of $5 per day for each day actually worked, and waived the salary as so fixed by the common council pursuant to the city charter; that the plaintiff did perform the duties of such office until May 1, 1897; that February 6, 1897, the plaintiff filed a bill with the city council for $500 in full for his salary for the entire year, which was allowed in full May 11, 1897; that June 22, 1897, the plaintiff filed a bill with the city council for $300, the balance due for his salary as so fixed by the council, and the same was disallowed, and from such disallowance the plaintiff duly appealed to the circuit court.

Rettinghouse vs. City of Ashland.

And as conclusions of law the court found that the contract so made between the plaintiff and the mayor was illegal and void, and contrary to the charter of the city, and was made without authority of law, and was void on the ·further ground that the same was against public policy; that the plaintiff was entitled to the salary of $800 so fixed by the council in February, 1896; that the allowance by the city council of $500 did not constitute an accord and satisfaction; that the plaintiff was entitled to judgment for $300, with interest from May 1, 1897, and costs, and ordered judgment to be entered accordingly. From the judgment so entered the defendant appeals.

The city charter required city officers, including the city engineer, to be paid a salary, which should be fixed annually, and, among other things, provided that "the common council at their first regular meeting in February shall fix the amount of salary which shall be received by every city officer entitled to a salary who may be elected or appointed in the city during the ensuing year, which salary shall not be *increased or diminished* during the term of office for which such officer may be elected or appointed; the salary shall be paid out of the city treasury monthly at the end of each month." Sec. 8, subch. IV, ch. 27, Laws of 1889.

Under that provision of the charter it is very manifest that even the common council itself had no power to increase or diminish the plaintiff's salary during his term of office. Much less could the mayor, who had no power to fix his salary, do so. Such express prohibition in the charter would seem to be for the very purpose of preventing such· dickering in respect to salary in connection with the appointment or election of officers, in order to secure more efficient service for the public. *Carrothers v. Russell*, 53 Iowa, 346; *State ex rel. Att'y Gen. v. Collier*, 72 Mo. 13; *State ex rel. Newell v. Purdy*, 36 Wis. 213; *Hoffman v. Chippewa Co.* 77 Wis. 214.

It is virtually conceded that the agreement between the mayor and the plaintiff was a nullity; but it is contended that the existence of the agreement, the filing of the claim for $500 February 6, 1897, as being in full for his services for the entire year, the allowance of the same May 11, 1897, and the subsequent payment of that amount, operated as an accord and satisfaction. The charter provision quoted required that the plaintiff's salary should be paid to him "monthly at the end of each month." At the time of filing his claim, therefore, there was $600 his due, and which ought to have been paid to him at the end of each month, as required, without being filed with the council. The defendant having failed to pay monthly as required, the plaintiff found it necessary, under the charter and the decisions of this court, to file his claim. *Mason v. Ashland*, 98 Wis. 540; *Gutta Percha & R. Mfg. Co. v. Ashland*, 100 Wis. 232; *Telford v. Ashland*, 100 Wis. 238; *Seegar v. Ashland*, 101 Wis. 515. Presumably to insure its allowance, the claim so filed February 6, 1897, purported to be for "services, as city engineer, in full up to May 1, 1897," notwithstanding the plaintiff had three months more to serve, and, under his written agreement with the mayor, was liable to be called upon for such service at any time. Did the filing, allowance, and payment of such claim constitute an accord and satisfaction of the whole year's salary? Counsel for the defendant contends that they did, and relies upon cases in this court in support of his contention. *Continental Nat. Bank v. McGeoch*, 92 Wis. 312–315, and cases there cited. "Accord and satisfaction is the substitution of another agreement between the parties in satisfaction of the former one, and an execution of the latter agreement, and forms a complete bar to any further action on the original claim." *Id.* Such new agreement must have at least some consideration. But the case at bar does not come within the principle of those cases. Here the plaintiff's salary became fixed accord-

Rettinghouse vs. City of Ashland.

ing to law before he entered upon his term of service. The common council had no power to diminish such salary,— much less, the mayor. The several attempts to do so were in direct violation of the charter, and furnish no consideration or basis for an accord and satisfaction. They were, moreover, in violation of a well-settled rule of public policy. The mere fact that the plaintiff filed a claim for a part of his salary which was then due to him, and received the same, did not, under the circumstances stated, preclude him from recovering the residue. *Clark v. State*, 142 N. Y. 101; *Kehn v. State*, 93 N. Y. 291; *People ex rel. Satterlee v. Board of Police*, 75 N. Y. 38; *Settle v. Sterling*, 1 Idaho, 259; *Goldsborough v. U. S.* Taney, 80, 92; *State ex rel. Kercheval v. Nashville*, 15 Lea, 697, 54 Am. Rep. 427. As stated by Chief Justice TANEY in the case cited from his decisions, "The exercise of a power not warranted by a law, by the head of a department, cannot create such an equity against the United States as will be recognized and enforced in a court of justice." In the last case cited it was held that "a city charter forbidding any change in the mayor's salary during the term of his office is infringed by an ordinance providing that after the expiration of the term of the then mayor the mayor should serve without compensation; and a mayor is not estopped from claiming compensation by his declarations during the canvass for the office that, if elected, he would not claim compensation." We must hold that there was no accord and satisfaction. This disposes of the only question discussed in the brief of counsel for the appellant.

*By the Court.*— The judgment of the circuit court is affirmed.