Schuh, Respondent, vs. City of Waukesha, Appellant.

*February 5—March 3, 1936.*

The cause was submitted for the appellant on the brief of *Vincent J. Collins,* city attorney, and *Harvey J. Frame,* special city attorney, and for the respondent on that of *Jacobson & Malone* of Waukesha.

ROSENBERRY, C. J.   In response to the plaintiff's claim for the amount which in part had been withheld and in part refunded to the city, the city contends that: (1) No salary reduction was involved; (2) that full compensation was paid; (3) that plaintiff, after receipt of compensation, voluntarily contributed to the city for poor relief; (4) that in any event the office of city engineer is not a constitutional office and salary may be decreased during term if desired; (5) that plaintiff could be removed from his office at any time; (6) that the contributions made were voluntary and that there was no legal coercion.   The principal contention of the defendant is that there was no coercion of the plaintiff by the defendant; that the amounts paid to and retained by the city were voluntary contributions; and that there is no evidence to support the findings of the court to the contrary.

Sec. 62.09 (1) (b), Stats., provides: "The council by a two-thirds vote, may dispense with the offices of street commissioner, engineer, . . . and provide that the duties thereof be performed by other officers or board, by the council or a committee thereof."

It is the contention of the defendant that under the provisions of this section the office of city engineer could have been terminated at any time and the plaintiff deprived of his office.   From this it is argued that the same result might have been attained by abolishing the office and recreating it and fixing a lower salary.   In as much as no action of that kind was taken, we are not called upon to consider the legal

effect of such an attempt to circumvent the law. It is an undisputed fact that the plaintiff was city engineer throughout the period in question with a fixed salary.

Sec. 62.09 (6) (b), Stats., provides: "The council shall at its first regular meeting in February, fix the amount of salary of each officer entitled to a salary who may be elected or appointed during the ensuing year which shall not be increased or diminished during his term of office. . . ."

It appears that on the 19th day of April, 1932, the council adopted a resolution—

"That the elective officers of the city of Waukesha accept a reduction in salary of ten per cent beginning May 1, 1932, for the ensuing year."

It was pursuant to this resolution that plaintiff refunded ten per cent of his salary from May, 1932, to February, 1933, both inclusive. There was an attempted reduction of salary by resolution adopted May 26, 1932, but for some reason which was not apparent, was not carried into effect. On February 21, 1933, a resolution to abolish the office of city engineer was introduced. It required a two-thirds vote for passage and failed. At the same meeting the common council adopted a resolution to the effect that the city clerk issue a written request to employees of the city to make voluntary contributions of their salaries in accordance with the resolution, based upon salaries received in May, 1932. In the schedule adopted these contributions were stepped up from ten to forty per cent, plaintiff's salary being subject to a forty-per-cent deduction. By various resolutions the city clerk was directed to collect arrearages and the so-called contributions by withholding same from the salary checks. This resulted in the refusal of the plaintiff to accept the check tendered and a final adjustment between the parties was made, which was approved by the common council in accord-

ance with which but twenty per cent of the salary was with-held.

Upon the part of the defendant the case is argued here as if it were wholly dependent upon establishment by the plaintiff of coercion on the part of the defendant. In the light of the decided cases the question cannot be so narrowed. In *Rettinghouse v. Ashland,* 106 Wis. 595, 82 N. W. 555, and *Nelson v. Superior,* 109 Wis. 618, 85 N. W. 412, it was distinctly held under facts and circumstances very similar to the facts and circumstances of this case that a municipal corporation was under a duty to pay its officers the stipulated salary and that the amount of the salary was no more subject to establishment by contract than the office itself, and as a consequence thereof it was held in the *Nelson Case* that a person who contracted with the city to accept less salary than that prescribed did not estop himself from claiming the remainder of his fixed salary. This was held to be a matter of public policy. In the light of these cases it is not necessary for us to consider decisions in other jurisdictions. The cases are collected in a note, 70 A. L. R. 972.

There appears to us, however, to be a clear distinction in this case between the ten per cent received by the plaintiff and returned by him to the city upon request of the city and the amounts retained by the city pursuant to the compromise entered into as set forth in the statement of facts. When plaintiff received the full amount of his salary, and at the request of the city returned ten per cent of it to the city to be used for relief purposes, it clearly amounted to a voluntary contribution to the public treasury. The city did not make the payment conditional upon the return of ten per cent, but the plaintiff in response to a demand which was state-wide and acceded to generally by public officials, made a contribution in the interest of the public welfare; therefore he has no claim upon the city for the amount so returned. The

amount withheld after the adoption of the resolution levying a forty-per-cent contribution on the plaintiff's salary stands on an entirely different footing. While the case should not be made to turn upon the mere mechanics of the operation it is clear here that the city, pursuant to resolution, retained a full forty per cent; that in order to get his salary the plaintiff was obliged to make a compromise by which the city retained only twenty per cent. Under these facts we are unable to distinguish this case from *Nelson v. Superior, supra.* The circumstances of this case are such that by no stretch of the imagination can the plaintiff be said to have made a voluntary contribution to the city. The plaintiff is entitled to recover the amount withheld from him under such circumstances. The judgment should be modified accordingly.

*By the Court.*—The judgment is modified by deducting therefrom the sum of $292.50. As so modified, the judgment is affirmed in the sum of $948:46 as of the day on which it was entered; the defendant to recover its costs in this court.