Connor, Respondent, vs. City of Chippewa Falls, Appellant.

*April 14—May 17, 1938.*

*P. J. Murphy* of Chippewa Falls, for the appellant.

For the respondent there was a brief by *W. H. Stafford* and *Harold E. Stafford,* both of Chippewa Falls, and oral argument by *Harold E. Stafford.*

FAIRCHILD, J.  The strain on community resources, which was so general during the years included in the period under consideration, prompted the mayor of the city of Chippewa Falls to seek a reduction in the city's expenditures.  He met with heads of various departments and with the boards controlling disbursements, and discussed with them the financial situation of the city.  He was present at a meeting of the board of police and fire commissioners on February 8, 1933, and there discussed this matter of a $10

reduction in the salary of the men in the departments. The mayor was of the opinion that this reduction was recommended and he so reported to the council. However, the recommendation was not included in the minutes of the board, and the trial court ruled that the board had not taken official action on the subject.

It is settled in this state that a common council cannot decrease a fixed salary of a policeman or fireman below an amount recommended by the board of police and fire commissioners, *Van Gilder v. Madison* (1936), 222 Wis. 58, 267 N. W. 25, 268 N. W. 108, but there are circumstances under which an employee must be deemed to have waived his right to insist upon the strict enforcement of this rule. An acceptance of the payment of a reduced salary over a long period of time, together with acts showing an intention on the part of the recipient to treat the deducted amount as a donation to the general welfare, amounts to acquiescence, and gives rise to an estoppel.

In the case of *Schuh v. Waukesha* (1936), 220 Wis. 600, 265 N. W. 699, the court denied recovery of a portion of Schuh's salary which he had voluntarily contributed. The same doctrine was followed in *Eck v. Kenosha* (1938), 226 Wis. 647, 276 N. W. 309.

The facts in *Van Gilder v. Madison* (1936), 222 Wis. 58, 267 N. W. 25, 268 N. W. 108, which is urged here as a precedent supporting the plaintiff's case, differed materially from the facts of the case at bar. In the *Van Gilder Case* protests were made at the time the cut was proposed, and written objections were promptly filed with the clerk of the common council of the city of Madison. The city pursued its course fully advised of the objections of Van Gilder. In the case before us there was a general assumption that the cut in salary was warranted by the necessities of the times, and that it was legally accomplished. No protest appears to

have been made, and after several years of monthly accept-ance of the reduced pay the men here involved filed with the common council a request reading:

"We, the undersigned, members of the police and fire department of the city of Chippewa Falls respectfully peti-tion your honorable body to restore the salaries of the mem-bers of the police and fire department to that to which they were prior to the reduction of ten dollars ($10) a month that was taken as an economy measure."

This request is not couched in language of protest, but indicates approval of what had transpired during the period of the reduced salary. It would be unjust to permit the men now to protest a situation which could have been so readily corrected at an earlier date by action of the board or by some other method of adjusting expenditures. There was no fraud or deceit practiced, causing the men to forego their right to the full salary, if they intended to insist upon it and not to waive it. This compels the conclusion that their waiver of this right, payday after payday for three years, was voluntary, and that they willingly assumed their portion of the burden which the depression laid upon their commu-nity.

In *Moller v. J. L. Gates Land Co.* (1903) 119 Wis. 548, 553, 97 N. W. 174, an employee submitted claims for expenses and commissions at intervals during a period of eighteen months. The employer never objected to these claims, and permitted the employee to continue in the per- · formance of his duties, but at the end of the term of serv-ice he refused to pay the amount claimed, and insisted that the payment of the agreed salary was in full for all services. It was held that the employee could recover for expenses and commissions.

In the *Moller Case* the court ruled that the silence of one party to a transaction, at a time when he would ordinarily

deny the other's claim, is circumstantial evidence of the character of the transaction, and such silence becomes conclusive evidence and estops the one who has remained silent from later asserting that which, if asserted in the first instance, might have deterred the other from advancing to where retreat would be prejudicial to him.

In 2 McQuillin, Mun. Corp. (2d ed.) p. 249, § 542, there is the following statement of the law on this subject:

"The acceptance of a less sum than that allowed by law, as salary or compensation, without objection, and in full satisfaction for services rendered will ordinarily estop the officer or employee from claiming more."

In *Ryan v. City of New York* (1904), 177 N. Y. 271, 279, 69 N. E. 599, 602, the court was concerned with a New York statute which required municipalities to pay the prevailing wage. The New York court held that the law was constitutional, but concluded that the particular employee could not recover, saying:

"The prevailing rate of wages for that period was $3.50 a day, and the employing officer should have fixed plaintiff's wages at that sum or greater. But he did not do it, and while the plaintiff could have properly insisted that the officer should heed the command of the statute in that respect, he chose instead to continue in the service of the city without objecting to the compensation. . . . And the legal effect of plaintiff's action in accepting from time to time during a period of six years, without protest, the wages paid to him by the city, was to waive any claim that he might have had at the time to insist that the employing officer should fix his rate of compensation at a greater sum than he did."

The present case falls within the rule of these authorities, and it follows that the judgment against the city cannot stand.

We are of the opinion that the circuit court properly disposed of the counterclaim. There was no violation of any

controlling rule, and the vacations taken by the men were "reasonable and necessary" and "the officers were guilty of no violation of duty." The findings of fact with respect to the counterclaim are sustained by the evidence, and the conclusion reached was the proper one. That part of the judgment must, therefore, be sustained. Other questions which were raised cease to be of importance because the defense of acquiescence concludes the controversy.

The claims against the city are without legal or equitable foundation and must be rejected.

*By the Court.*—So much of the judgment as awards recovery to the plaintiff is reversed, and that part of the judgment which denies the city recovery on the counterclaim is affirmed.