LEE *v*. COUNTY OF MACOMB.

1. OFFICERS—SALARY INCIDENT TO PUBLIC OFFICE—CONTRACTS.

   Compensation to a public officer is a matter of statute, is incidental to office, and is not a matter which can be fixed by contract either before or after the term commences.

2. ESTOPPEL—WAIVER—CONTRACTS—PUBLIC POLICY.

   Waiver being contractual in its nature can be no more effective as a bar than an express agreement or contract, and cannot arise from a transaction in respect to a matter about which the express contract would be invalid as against public policy.

3. OFFICERS—STATUTES—ACCEPTANCE OF LESSER SALARY—WAIVER.

   The salary of an officer, when once fixed in the manner prescribed by law, can be changed only by a like compliance with the statutory conditions; and by accepting a smaller amount than that to which he is entitled, the officer does not waive his right to recover the full salary.

4. SAME—ACCEPTANCE OF LESSER SALARY—ESTOPPEL.

   The acceptance of less compensation than that established by law for the office does not estop an officer from subsequently claiming the legal compensation.

5. SAME—SALARIES—INDIRECT DISCHARGE.

   One of the reasons for the rule that an official's salary cannot be reduced during his definite term of office is to prevent the use of an indirect method to discharge an official during such term by the subterfuge of reducing his salary.

6. SAME—COUNTY SCHOOL COMMISSIONER—RECOVERY OF PORTION OF SALARY WAIVED.

   No principle of waiver or estoppel precludes a county school commissioner, elected for a four-year term, from recovering balance of full amount of salary fixed for the term in statutory manner because he signed a waiver of a portion after term had commenced (Const. 1908, art. 16, § 3; 1 Comp. Laws 1929, § 1426).

Appeal from Macomb; George (Fred W.), J., presiding. Submitted December 27, 1938. (Docket No. 119, Calendar No. 40,317.) Decided March 9, 1939.

William L. Lee filed his claim against the County of Macomb for balance of salary as county school commissioner. Claim denied. Plaintiff appealed to circuit court. Judgment for plaintiff. Defendant appeals. Affirmed.

*Christian F. Matthews,* for plaintiff.

*Vincent L. Fitzgerald,* Prosecuting Attorney, and *William H. Nunneley,* Assistant Prosecuting Attorney, for defendant.

MCALLISTER, J. In October, 1930, the Macomb county board of supervisors fixed the salary for the office of county school commissioner at $5,000 per annum, payable in equal semi-monthly instalments. In the following spring election of 1931, William L. Lee, plaintiff herein, was elected to that office for a full term of four years commencing July 1, 1931. He qualified and performed the duties thereof during the entire term, and at the time he assumed the office the salary was the amount above mentioned.

For the first six months of the term of office, appellee was paid at the full rate of $5,000 per annum, and thereafter during several months of the year 1932, he was paid at the same rate. On May 14, 1932, plaintiff signed the following statement which was filed with the county clerk of Macomb county.

"I, the undersigned, hereby waive all my rights under the statutes of the State of Michigan, as an elective official of the county of Macomb, State of Michigan, to demand or enforce any claim for salary as such elective official except such salary as has

been fixed by action taken on the 10th of May, A. D. 1932, by the board of supervisors composed of finance, budget and appropriation committees, fixing my salary at $3,600 dollars per annum, effective May 1, A. D. 1932. (Signed) William L. Lee, Commissioner of Schools.''

Thereafter he was paid salary at the rate of $3,300 a year, receiving $3,900 in 1932, $3,300 in 1933, $3,300 in 1934, and $1,650 for the first six months of 1935. Plaintiff, therefore, received during the years 1932 to 1935, inclusive, $5,350 less than the amount of the salary which had been fixed for the office.

In October, 1937, after the expiration of his term of office, plaintiff filed claim against the county of Macomb in the amount of $5,350 in due form as required by statute in such cases. The claim was disallowed by the board of supervisors, and plaintiff thereupon appealed to circuit court. On appeal answer was filed by the county of Macomb, admitting the facts set forth as to the enumeration of amounts which plaintiff had been paid, but denying liability on the ground that plaintiff had voluntarily accepted the reduced salary, and that the purported statement of waiver constituted a waiver of any moneys claimed to be due. Thereupon a motion for summary judgment was made by plaintiff accompanied by affidavit of merits to which no affidavit in opposition was filed by the county. The motion was heard by the circuit court, who filed an opinion and entered judgment on the motion in the amount of $5,350, with interest thereon of $1,149.75,* or a total

---

* The matter of allowance of interest on the deficiency in salary prior to date. of . demand upon the county therefor was not raised by the briefs herein, but see *Kaminski* v. *Wayne County Board of Auditors*, 287 Mich. 62, 68, decided by the Supreme Court subsequent to the judgment of the trial court herein.—Reporter.

judgment for $6,499.75 and costs, in favor of plaintiff against the county of Macomb. Although the judgment was entered upon motion, the court's opinion shows that he decided the case on the determination of the issue raised by defendant's answer, holding that a public officer's agreement to render service required of him for a lesser compensation than is provided by law is void as against public policy, and that although he may agree to accept less than the salary fixed, he is not estopped from afterward making claim for the full compensation. We shall disregard, for the purpose of this case, questions discussed with reference to the method of entering the judgment. The controlling question to be determined is whether after the amount of salary has been legally fixed for an office having a definite term, a written waiver of a certain amount of the salary, thereafter signed by the officer elected to such office, will estop him from thereafter recovering the full amount of the salary as originally fixed.

1 Comp. Laws 1929, § 1426 (Stat. Ann. § 5.1101), provides:

"That the annual salaries of all salaried county officers, which are now or may be hereafter by law fixed by the board of supervisors, shall be fixed by said board on or before the thirty-first day of October prior to the commencement of the term of such officers, and the same shall not be increased or diminished during the term for which such officers shall have been elected or appointed."

Article 16, § 3, of the State Constitution (1908) provides:

"Neither the legislature nor any municipal authority shall grant or authorize extra compensation to any public officer, agent, employee or contractor after the service has been rendered or the contract

entered into. Salaries of public officers, except circuit judges, shall not be increased, nor shall the salary of any public officer be decreased, after election or appointment."

Compensation to a public officer is a matter of statute, not of contract, and is incidental to office. It is not a matter to be fixed by contract, or that can be so fixed, either before or after the term commences. *Nelson* v. *City of Superior,* 109 Wis. 618 (85 N. W. 412). Waiver being contractual in its nature can be no more effective as a bar than an express agreement or contract, and cannot arise from a transaction in respect to a matter about which the express contract would be invalid as against public policy. *Salley* v. *McCoy,* 182 S. C. 249, 281 (189 S. E. 196).

The salary of an officer, when once fixed in the manner prescribed by law, can be changed only by a like compliance with the statutory conditions; and by accepting a smaller amount than that to which he is entitled, the officer does not waive his right to recover the full salary. *Ruell* v. *City of Alpena,* 108 Mich. 290. The acceptance of less compensation than that established by law for the office does not estop an officer from subsequently claiming the legal compensation. *Kaminski* v. *Wayne County Board of Auditors,* 287 Mich. 62. "One of the reasons for the rule that an official's salary cannot be reduced during his definite term is to prevent the use of an indirect method to discharge an official during such term by the subterfuge of reducing his salary." *Bodell* v. *City of Battle Creek,* 270 Mich. 445, 448. "The wisdom of a provision prohibiting any change either by increase or reduction of a public officer's salary during his term has been universally recognized. Such provisions are common in constitutions

and statutes of the various States, and the courts have been firm in restraining attempts to evade them. This court has been in line with the general rule when deciding cases where phases of the question have arisen.'' *Barrus* v. *Engel,* 186 Mich. 540, 544.

No principle of waiver or estoppel precludes plaintiff from recovering the balance of the full amount of his fixed salary for the term of office. The salary which is fixed by statute cannot be changed by agreement either before or after the term commences.

Judgment affirmed, with costs to plaintiff.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred. NORTH, J., took no part in this decision.