HARRINGTON, Appellant, vs. VILLAGE OF SHOREWOOD and others, Respondents.

*June 8—June 30, 1950.*

Fritz, C. J., dissents.

400

*George D. Young* of Milwaukee, for the appellant.

*H. O. Wolfe* of Milwaukee, for the respondents.

A brief was filed by *Padway, Goldberg & Previant* of Milwaukee, and *Beggs & Lawton* of Madison, as *amici curiae.*

BROWN, J.   The trial court stated the issue as follows:

"The question presented in this action is: Can the council or village board increase the compensation of the firemen and policemen temporarily and avoid the effect such increase may have on the basis upon which pensions are computed?"

And it answered the question thus, citing *Connor v. Chippewa Falls* (1938), 228 Wis. 102, 279 N. W. 640, and

*Altenberg v. Superior* (1938), 228 Wis. 272, 280 N. W. 342:

"It seems logical to me that if cities in the period of the depression could set up the defense of estoppel against claims for compensation of firemen and policemen which had been reduced contrary to the express prohibition of sec. 62.13 (7) against reduction of salaries without the recommendation of the board of fire and police commissioners, that such defense is valid in this case where over a period of more than four years the deceased husband of the plaintiff had in unequivocal terms stipulated and agreed that the cost of living allowances were to be only temporary and that such additional allowances were not to constitute part of the basis for any pension that he might become entitled to.

"It appears obvious to me that the right of the plaintiff as widow of the deceased fireman can be no greater than those of the husband if he had lived and tried to recover a pension for himself."

The court's corresponding conclusions were that the village board's resolutions were valid and the agreements based thereon were valid and enforceable contracts, binding upon Jeremiah Harrington, his heirs and assigns; and he, having taken the cost-of-living bonus, without protest, subject to the terms of the waiver agreements, is estopped to dispute the validity thereof; and such estoppel extends to his heirs and assigns, including his widow, who is bound by all of the terms of the agreement into which her husband entered.

The learned trial court unduly extended the authority of *Connor v. Chippewa Falls, supra,* and *Altenberg v. Superior, supra,* by citing them to support the conclusion that the agreements between the village and the fire and police employees constituted valid, enforceable contracts. In the *Connor Case* there were no agreements. The council, unilaterally, reduced the pay without complying with sec. 62.13 (7), Stats. After some years of acquiescence an employee attempted to recover the balance of his former salary. The supreme court held that he was estopped to do

so. In the *Altenberg Case* there was an agreement for part of the period whereby the employees authorized the city treasurer to receipt to the city for full payment of salary but to pay ten per cent thereof into a fund for the unemployed. For the remainder of the time the city cut the salaries without any agreement and without the recommendation of the fire and police commission. The employees continued to accept the reduced amounts without protest but after some years brought action to compel payment of the amounts withheld. We applied the waiver and estoppel rule of the *Connor Case* denying recovery. We find nothing in these decisions approving the councils' acts as legal or declaring that enforceable contracts had come into being. In the *Connor Case,* page 105, we said: ". . . there are circumstances under which an employee must be deemed to have waived his right to insist upon the strict enforcement of this rule." (Referring to compliance with statutory requirement.) In the *Altenberg Case,* page 277, we said: ". . . notwithstanding the provisions of sec. 62.13 (7), *supra,* it must be held that the plaintiffs waived and acquiesced in the salary reductions and are estopped under the facts of this case to claim the full amounts of their salaries."

When the legislature enacted the uniform system of pension benefits for policemen and firemen and their dependents, it removed questions of the persons entitled to pensions and the amount of the pension from the field of negotiation or contract and when we held that beneficiaries of the statute estopped themselves from enforcing a right which the statute gave them we did not hold that municipalities subject to sec. 62.13, Stats., are competent to enter into valid enforceable agreements contrary to its provisions. Such a power does not exist. The rights of the parties established by the provisions of the pension laws cannot be enlarged, restricted, or modified in respect to claims and liabilities within their scope and the parties cannot by con-

tract create any right or destroy a liability governed by the act, as we have previously held when rights established by the Workmen's Compensation Act were in question, *Porter v. Industrial Comm.* (1921), 173 Wis. 267, 271, 181 N. W. 317, nor may the city, by ordinance, supplant the act of the legislature. *Van Gilder v. Madison* (1936), 222 Wis. 58, 83, 267 N. W. 25, 268 N. W. 108.

We do not consider it necessary to determine what rights Captain Harrington, himself, might have to a pension or whether estoppel could be invoked against him because, except that the amount of her pension is measured by his monthly compensation, the rights of his widow are separate and independent. She does not claim as heir or assign seeking to enforce his rights. The statute has given her a right of her own.

"62.13 . . . (9) (c) *Pensions.* . . . Persons shall be entitled to pensions only as follows:
"1. Disability. . . .
"2. Death. If . . . after ten years' service and while in the service, any member of the department shall die from any cause, and shall leave surviving a widow, . . . the board shall order monthly pension as follows: (a) To the widow, one third of the monthly compensation of the deceased at the time of his death. . . ."

The monthly compensation of Captain Harrington was undisputably $255. Having decided that he and the village board could not contract concerning pensions in derogation of the statute, we are concerned only with the question of whether Mrs. Harrington is estopped or has waived her right to insist upon the strict enforcement of the statutory rule. The village had an agreement with her husband, but it had none with her. Payment of the increased compensation was made to him, not to her. It is not found as a fact, nor is it alleged, that Mrs. Harrington even had knowledge of her husband's bargain involving the renunciation of his own pension rights, much less of any attempted renunciation of

hers. When he died and the trustees offered her a pension calculated on a part of his monthly compensation, she promptly protested and demanded the pension calculated upon it all, meanwhile tendering the trustees the sum, which, by sec. 62.13 (10), Stats., should have been withheld by the village from her husband's salary and paid into the pension fund. We find nothing in her conduct to estop her from having that which the legislature directed should be paid her.

We conclude, then, that the attempt of the village board to base its pension liabilities on only a part of Captain Harrington's monthly compensation was void, since it conflicted with sec. 62.13 (9) (c), Stats., and, whether or not Captain Harrington may have estopped himself to repudiate the agreement under which he received increased compensation, the widow has not waived, nor is she estopped to enforce, her statutory right to a pension of one third of his actual monthly compensation at the time of his death.

*By the Court.*—Judgment reversed and cause remanded for further proceedings in accord with this opinion.

FRITZ, C. J., dissents.