

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

March 14, 1975

The Honorable Joe C. Moseley II
Executive Director
Texas Coastal and Marine Council
P. O. Box 13407
Austin, Texas 78711

Opinion No. H- 553

Re: May the salary of the
Executive Director of the
Texas Coastal and Marine
Council be supplemented
from funds received under
an inter-agency contract?

Dear Mr. Moseley:

You have requested our opinion concerning whether a portion of
the funds made available to the Texas Coastal and Marine Council under
a proposed interagency contract with the General Land Office may be
used to provide compensation to the Council's executive director addi-
tional to the amount appropriated by the Legislature.

Article 4413(38), V. T. C. S., which creates the Council, provides
in part:

> Sec. 3. (e)  The council may appoint a director to
> serve at the will of the council.  The director is the
> chief executive officer of the council and subject to
> the policy direction of the council.  He may appoint
> employees to serve at his will.  The council shall
> determine the compensation of the director and all
> other employees.
>
> Sec. 5.  Until the Legislature provides an
> appropriation for the operation of the council, the
> contingent expense funds of the House of Representatives
> and of the Senate may be expended for such purposes

authorized herein.  Prior to any expenditure of
funds of the contingent expense  committees of
either the House or the Senate, a budget for the
annual expenses of the committee shall be sub-
mitted to such committees and no funds shall be
expended from such funds until approved by that
committee.

While section 3(e) gives the Council the authority to "determine
the compensation of the director and all other employees," article 3,
section 44 of the Texas Constitution provides:

The Legislature shall provide by law for the
compensation of all officers, servants, agents and
public contractors, not provided for in this Constitu-
tion, but shall not grant extra compensation to any
officer, agent, servant, or public contractors, after
such public service shall have been performed or con-
tract entered into, for the performance of the same;
nor grant, by appropriation or otherwise, any amount
of money out of the Treasury of the State, to any
individual, on a claim, real or pretended, when the
same shall not have been provided for by pre-existing
law; nor employ any one in the name of the State,
unless authorized by pre-existing law.

In addition, article 6813b, V. T. C. S., provides in part

Section 1.  From and after the effective date of this
Act, all salaries of all State officers and State employees,
including the salaries paid any individual out of the General
Revenue Fund, shall be in such sums or amounts as may
be provided for by the Legislature in the biennial Ap-
propriations Act.  It is specifically declared to be one of
the intents hereof that the Legislature shall also fix the
amount of supplemental salaries hereafter, out of court
fees and receipts, to be paid to the clerks andother

employees of the Courts & Civil Appeals, the
Supreme Court and the Court of Criminal Appeals.
It is further provided thatin instances where the
biennial Appropriations Act does not specify or
regulate the salaries or compensation of a State
official or employee, thelaw specifying or regulat-
ing the salary or compensation of such official or
employee is not suspended by this Act.

The Legislature's power under article 3, section 44 may be delegated
in some instances. Commissioners Court of Lubbock County v. Martin, 471
S. W. 2d 100 (Tex. Civ. App. --Amarillo1971, writ ref'd n. r. e.); Wichita
County v. Griffin, 284 S. W. 2d 253 (Tex. Civ. App. --Ft. Worth 1955,
writ ref'd, n. r. e.); Burkhart v. BrazosRiver Harbor Nav. Dist. of Brazoria
County, 42 S. W. 2d 96 (Tex. Civ. App. --Galveston 1931, no writ).

So long as the statute is complete to accomplish the
regulation of particular matters falling within the
legislature's jurisdiction, matters of detail reasonably
necessary for the ultimate application, operation and
enforcement of the law may be expressly delegated to
the authority charged with administration. (Emphasis
added) Martin at 105.

That case concerned article 42-12, Code Crim. Proc., which allows
the compensation of individual probation officers to be determined by a
district judge or judges with the adviceand consent of the commissioners
court. See §10. The court found that this delegation was reasonably
necessary, stating:

[s]ince the probation needs and services in the various
judicial districts of Texas, ranging from multi-judicial
districts within a singlecounty to one judicial district
embracing as many as six counties, are of such character
that the compensation and probation personnel must vary
in the different districts. . . . Martin at 105.

Burkhart and Griffin similarly concerned the compensation of employees of the same class in different counties, tax assessors, and court reporters respectively. As in Martin, the needs and services of each county varied, and it was therefore impractical for the Legislature to determine the compensation for each tax assessor and court reporter.

It is clear that the single office of Executive Director of the Council is quite dissimilar to the many offices of tax assessor, court reporter, and probation officers. It is not "reasonably necessary" to permanently delegate the power to determine the compensation of the Executive Director. In addition, the Legislature has not "prescribed sufficient standards to guide the discretion conferred" as required by Moody v. City of University Park, 278 S. W. 2d 912 (Tex. Civ. App. --Dallas 1955, writ ref'd n. r. e.). It is therefore our opinion that section 3(e) of article 4413(38), V. T. C.S., would be an unconstitutional delegation of power if construed to constitute a permanent delegation of the Legislature's authority under article 3, section 44 of the Texas Constitution.

Where possible, a statute is to be construed so as to sustain its validity. State v. Hogg, 70 S. W. 2d 699, 72 S. W. 2d 593 (Tex. Sup. 1934); Martin, supra. Section 5 of article 4413 (38) expressly applied only "until the Legislature provides an appropriation for the operation of the council." In our opinion, this limitation is impliedly contained in section 3(e), and the council was delegated the authority to determine the compensation of the executive director only until the Legislature itself could exercise this authority. We consider this delegation to be "reasonably necessary" under Martin, and section 3(e) to be valid under this construction.

Accordingly, the authority to determine the salary of the executive director rests with the Legislature pursuant to article 3, section 44 of the Texas Constitution and article 6813b, V. T. C. S.

However, it is necessary to consider whether the council may supplement the salary set by the Legislature. Article 6813b states that "salaries . . . shall be in such sums or amounts as may be provided for by the Legislature in the biennial Appropriations Act." Statutes which

provide for the compensation of public officers are to be construed in favor of the government. Madden v. Hardy, 50 S.W. 926 (Tex. Sup. 1899); Allen v. Davis, 333 S.W. 2d 441 (Tex. Civ. App. --Amarillo 1960, no writ); Eastland County v. Hazel, 288 S.W. 518 (Tex. Civ. App. --El Paso 1926, writ ref'd).

In addition, it has been stated that:

> The compensation of a public officer must be fixed by the Legislature, or by some governing body expressly authorized so to do. First Baptist Church v. City of Fort Worth, 26 S.W. 2d 196, 198 (Tex. Comm. App. 1930).

Consequently, we believe the use of the word "shall" in article 6813b indicates that as a general matter salaries set by a general appropriations bill may not be supplemented. However such a salary may be supplemented where authorized by either the appropriations act or by general law. Attorney General Opinion WW-376 (1958). This limitation on the alteration of salaries is consistent with the prevailing law in other jurisdictions. 67 C.J.S. Officers, § 93, p. 334, § 94, p. 340; Stansbury v. Guilford County, 36 S.E. 2d 719 (N.C. 1946); Lee v. Macomb County, 284 N.W. 892 (Mich. 1939).

The Legislature has exercised its authority under article 3, section 44 and article 6813b in the current biennial appropriations bill, Acts 1973, 63rd Leg., ch. 659, p. 1928, as well as in the recent state employees pay raise acts. 64th Leg., Senate Bill No. 1, approved Jan. 30, 1975. We have found no authority in either general law or the appropriations act for the supplementation of the salary of the executive director of the Texas Coastal and Marine Council with funds from an interagency contract. The Legislature thus having established his salary, it is our opinion that it may not be supplemented with funds from an interagency contract.

## SUMMARY

The Texas Coastal and Marine Council has no

authority to supplement the legislatively
determined salary of its executive director
with funds received by the Council pursuant
to an interagency contract.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

lg